1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL H. STODDART,                      No. 2:12-cv-01054-KJM-CKD

12              Plaintiff,

13        v.                                    ORDER

14   EXPRESS SERVICES, INC., et al.,

15              Defendants.

16

17              This matter is before the court on plaintiff's motion for leave to file a first

18   amended complaint.  (ECF No. 64.)  Defendant Western Wine Services, Inc. (Western) has filed a

19   notice of non-opposition in accordance with Local Rule 230(c).  (ECF No. 65.)  The remaining

20   two defendants, Express Services, Inc. (Express) and Phillips & Associates, Inc. (Phillips)

21   (collectively, defendants), oppose plaintiff's motion.  (ECF No. 66.)  Under Federal Rule of Civil

22   Procedure 78, the court finds the motion appropriate for decision without oral argument.  As

23   explained below, the court GRANTS the motion.

24   I.        BACKGROUND

25              Plaintiff commenced this putative class action in the Solano County Superior

26   Court on March 13, 2012, alleging various violations of the California Labor Code.  (ECF No. 1-

27   1, Ex. A.)  On April 20, 2012, defendants removed the case to this court, invoking this court's

28   jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  (ECF No. 1 at 2;

1   ECF No. 7.)  The court held a status conference in February 2015 (ECF No. 62) and subsequently

2   issued a status order, setting a deadline of March 7, 2015 for plaintiff to file a motion for leave to

3   file a first amended complaint.  (ECF No. 63 at 1.)  On February 27, 2015, plaintiff filed the

4   instant motion.  (ECF No. 64.)  As noted, Western has filed a non-opposition (ECF No. 65), and

5   Express and Phillips oppose plaintiff's motion (ECF No. 66).  Defendants have also filed a

6   request for judicial notice, asking that this court take judicial notice of two letters, dated July 20,

7   2011 and February 3, 2012, that plaintiff's counsel sent to the California Labor and Workforce

8   Development Agency.  (ECF No. 67, Exs. 1, 2.)  The court does not take judicial notice of the

9   letters because they do not contain adjudicative facts relevant to this order.

10  II.      LEGAL STANDARD

11          Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give

12  leave [to amend] when justice so requires[,]" and the Ninth Circuit has "stressed Rule 15's policy

13  of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.

14  1989).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must

15  be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than

16  on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

17  Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the

18  liberality in granting leave to amend is subject to several limitations.  Leave need not be granted

19  where the amendment of the complaint would cause the opposing party undue prejudice, is sought

20  in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at

21  1160 (internal citations omitted).  A court's decision of granting or denying leave to amend is

22  reviewed for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

23  III.     DISCUSSION

24          Plaintiff seeks to amend his complaint (1) to add a new class claim; (2) to add new

25  language about the employment relationship between the parties; (3) to add new allegations

26  regarding the existing claim for meal periods "to clarify that the claim includes second meal

27  period and on-duty meal period"; (4) to add new allegations concerning the existing claim for

28  failure to provide accurate wage statements; (5) to revise the class and subclass definitions; (6) to

1    add new language to the Private Attorneys General Act claim; and (7) to make miscellaneous

2    changes, such as adding a co-counsel to the caption and correcting typographical errors.  (ECF

3    No. 64-1 at 1.)

4              Defendants respond that plaintiff has no "excuse for waiting three years to seek

5    leave to add claims he should have known before filing this lawsuit."  (ECF No. 66 at 2–3.)

6              As noted above, in general, courts "should liberally allow a party to amend its

7    pleading."  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th

8    Cir. 2013).  The movant need only show the reason why amendment is needed.  The burden then

9    shifts to the opposing party to persuade the court that "justice" requires denial.  Courts may deny

10   leave to amend only if "there is strong evidence of undue delay, bad faith or dilatory motive on

11   the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

12   undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

13   amendment, etc."  *Id.* at 1117.  "Undue delay by itself, however, is insufficient to justify denying

14   a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Rather, there must be a

15   showing of "prejudice to the opposing party, bad faith by the moving party, or futility of

16   amendment."  *Id.*  "[T]he consideration of prejudice to the opposing party carries the greatest

17   weight."  *Id.*  It is "the touchstone of the inquiry under [R]ule 15(a)."  *Eminence Capital, LLC v.*

18   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

19             Here, the court finds granting plaintiff leave to amend is warranted.  Plaintiff

20   states: "The reason the motion was not brought earlier was not due to a lack of diligence on

21   [plaintiff's] part but instead caused by the parties' attempted resolution of [p]laintiff's class wide

22   claims through mediation and the tentative settlement that was reached and ultimately rejected by

23   the Express Board of Directors."  (ECF No. 64-1 at 8.)  The burden therefore shifts to defendants

24   to show justice requires denial.  Defendants have not met their burden of showing "strong

25   evidence" of undue delay, undue prejudice, bad faith, futility, or dilatory motive on plaintiff's

26   part.  *See Sonoma Cnty. Ass'n of Retired Employees*, 708 F.3d at 1117.

27             Although this litigation is several years old, "[t]he mere fact that an amendment is

28   offered late in the case . . . is not enough to bar it."  *United States v. Webb*, 655 F.2d 977, 980 (9th

3

1   Cir. 1981) (internal quotation marks omitted).  The Ninth Circuit has "noted that delay alone no

2   matter how lengthy is an insufficient ground for denial of leave to amend." *Id.*  For example, in

3   *Howey v. United States*, the court found the district court had abused its discretion in denying

4   leave to amend even five years after the initial pleading, where there was a lack of prejudice to

5   the opposing party and the amended complaint was not obviously frivolous or made in bad faith.

6   481 F.2d 1187, 1190–92 (9th Cir. 1973); *but see Solomon v. N. Am. Life & Cas. Ins. Co.*, 151

7   F.3d 1132, 1139 (9th Cir. 1998) (motion "on the eve of the discovery deadline" properly denied

8   because it "would have required re-opening discovery, thus delaying proceedings").  That is

9   because "[t]he purpose of the litigation process is to vindicate meritorious claims[,] [and]

10  [r]efusing solely because of delay, to permit an amendment to a pleading . . . to state a potentially

11  valid claim would hinder this purpose while not promoting any other sound judicial policy."

12  *Howey*, 481 F.2d at 1191.  Moreover, defendants have not introduced "strong evidence" of undue

13  prejudice or bad faith. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.

14  2001).

15          The court GRANTS plaintiff's motion and DIRECTS plaintiff to file on the docket

16  the first amended complaint in the form proposed in connection with plaintiff's motion, within

17  fourteen days of the date of this order.

18          IT IS SO ORDERED.

19  DATED:  April 20, 2015.

21  _____
    UNITED STATES DISTRICT JUDGE

4