1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL H. STODDART, individually        No. 2:12-cv-01054-KJM-CKD
     and on behalf of similarly situated and
12   similarly aggrieved current and former
     employees of EXPRESS SERVICES, INC.
13   d/b/a EXPRESS EMPLOYMENT             ORDER
     PROFESSIONALS, PHILLIPS &
14   ASSOCIATES, INC. d/b/a EXPRESS
     EMPLOYMENT PROFESSIONALS,
15   WESTERN WINE SERVICES, INC., and
     Does 1 through 100, inclusive,
16
                     Plaintiffs,
17
            v.
18
     EXPRESS SERVICES, INC. d/b/a
19   EXPRESS EMPLOYMENT
     PROFESSIONALS, et al.,
20
                     Defendants.
21

22

23          This matter is before the court on the motions by defendants Express Services, Inc.

24   (Express) and Phillips & Associates, Inc. (Phillips) (collectively, defendants) to dismiss and to

25   strike.  (ECF No. 81.)  The other defendant, Western Wine Services, Inc. (Western), has not

26   joined in the instant motions.  (ECF No. 88.)  The motions were submitted without a hearing.

27   (ECF No. 90.)  As explained below, the court GRANTS defendants' motion to strike, and

28   GRANTS in part and DENIES in part defendants' motion to dismiss.

                                                1

I.        BACKGROUND

Plaintiff's claims arise out of defendants' alleged "systematic wage and hour violations and unlawful employment practices . . . ." (Compl. ¶ 1, ECF No. 76.)  Plaintiff worked as a forklift driver for Western from April 2007 to May 2011.  (*Id.* ¶ 5.)  Express, a franchisor temporary staffing agency, contracted with Western to provide temporary staffing services at all relevant times.  (*Id.* ¶ 2.)  Phillips, Express's franchisee, provided temporary staffing services to Western.  (*Id.* ¶ 3.)  Western is a transportation and warehouse storage company, providing storage, distribution, and bottle-aging services to over one hundred wineries throughout Northern California.  (*Id.* ¶ 4.)  Plaintiff obtained his employment with Western through Express and Phillips.  (*Id.* ¶¶ 5, 9.)

Plaintiff commenced this putative class action in the Solano County Superior Court on March 13, 2012, alleging various violations of the California Labor Code and Business and Professions Code.  (ECF No. 1-1, Ex. A.)  On April 20, 2012, defendants removed the case, invoking this court's jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  (ECF No. 1 at 2; ECF No. 7.)  After some discovery, the parties participated in a mediation on March 5, 2014.  (ECF No. 42 at 2.)  The parties reached a tentative settlement agreement, which was conditioned upon approval of Express's Board of Directors.  (*Id.*)  Over five months later, in August 2014, Express's Board rejected the tentative settlement agreement. (*Id.* at 3.)  On February 27, 2015, plaintiff moved for leave to file a first amended complaint (ECF No. 64), which the court granted on April 20, 2015 (ECF No. 75).

The operative first amended complaint alleges the following seven claims: (1) failure to provide mandated meal periods in violation of Labor Code[1] sections 226.7 and 512 and in violation of section 11 of the Industrial Welfare Commission Wage Order; (2) failure to pay overtime wages in violation of Labor sections 510, 1194, and 1198; (3) failure to timely pay all wages upon termination in violation of Labor Code sections 201–03; (4) failure to provide accurate itemized wage statements in violation of Labor Code section 226; (5) failure to maintain

---

[1] If a code section is referenced without the full name of the code provided, the reference is to the Labor Code.

1    accurate records in violation of Labor Code section 1174; (6) violation of California's Business

2    and Professions Code section 17200, *et seq.* (UCL), and (7) a claim for civil penalties under

3    California's Private Attorneys General Act of 2004 (PAGA), Labor Code section 2698, *et seq.*

4    (*See generally* Compl., ECF No. 76.)

5              On May 4, 2015, defendants moved to dismiss certain of plaintiff's claims.  (ECF

6    No. 81.)  Concurrently, they moved to strike certain portions of plaintiff's first amended

7    complaint.  (*Id.*)  Plaintiff opposes defendants' motions (ECF No. 87), and defendants have

8    replied (ECF No. 89).

9    II.       DEFENDANTS' MOTION TO STRIKE

10             The court need not reach the merits of defendants' motion to strike because

11   plaintiff "does not oppose dismissal of references to seeking injunctive relief."  (ECF No. 87 at

12   18–19.)  The court GRANTS the motion as unopposed.  Accordingly, plaintiff is ORDERED to

13   file a second amended complaint within twenty-one (21) days of this order reflecting the changes

14   sought by the motion.

15   III.      LEGAL STANDARD ON A MOTION TO DISMISS

16             Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

17   complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss

18   "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

19   cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20   Although a complaint need contain only "a short and plain statement of the claim showing that

21   the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to dismiss, this short

22   and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is

23   plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

24   Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an

25   unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a

26   formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting *Twombly*, 550 U.S. at

27   555).  Determining whether a complaint will survive a motion to dismiss for failure to state a

28   claim is a "context-specific task that requires the reviewing court to draw on its judicial

3

1  experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay

2  between the factual allegations of the complaint and the dispositive issues of law in the action.

3  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

4  In making this context-specific evaluation, this court "must presume all factual

5  allegations of the complaint to be true and draw all reasonable inferences in favor of the

6  nonmoving party."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule

7  does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478

8  U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict matters

9  properly subject to judicial notice," or to material attached to or incorporated by reference into the

10  complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

11  IV.    REQUEST FOR JUDICIAL NOTICE

12  Defendants request that this court take judicial notice of two documents: (1) a

13  July 20, 2011 letter to the Labor and Workforce Development Agency (LWDA) on plaintiff's

14  behalf and (2) a February 3, 2012 letter to the LWDA, also on plaintiff's behalf.  (ECF No. 82 at

15  1, Exs. 1, 2.)  Plaintiff does not object.  The court takes judicial notice of those two letters

16  because plaintiff's PAGA claims depend on the sufficiency of the letters' contents and plaintiff

17  does not dispute the letters' authenticity.  *See Ovieda v. Sodexo Operations, LLC*, No. 12-1750,

18  2013 WL 3887873, at *2 (C.D. Cal. July 3, 2013) (taking judicial notice of PAGA notice letters

19  under similar circumstances).

20  V.    MOTION TO DISMISS

21  A.    Exhaustion of PAGA's Administrative Notice Requirement

22  Defendants argue plaintiff cannot proceed on new claims for penalties under

23  PAGA because plaintiff did not satisfy PAGA's exhaustion requirements.  (ECF No. 81 at 4–5.)

24  Specifically, defendants argue plaintiff's letters to the LWDA in July 2011 and February 2012 did

25  not include allegations regarding section 558 of the Labor Code, a section that plaintiff identifies

26  for the first time in the first amended complaint in connection with his PAGA claim.  (*Id.* at 4.)

27  Similarly, defendants argue those letters did not provide any allegations relating to PAGA

28  penalties for "his new wage statement claim based on an alleged failure to list the inclusive dates

4

1    of the pay period, for his claim for overtime based on an alleged failure to include bonus

2    payments in the regular rate, nor for his claim that Western . . . allegedly failed to provide second

3    meal periods," as based on Labor Code section 226.  (*Id.* at 5.)  As a result, defendants argue, "the

4    LWDA and Express did not receive the statutorily required notice of the facts or theories

5    supporting any of [plaintiff's] newly asserted PAGA claims . . . " before plaintiff asserted them in

6    the first amended complaint.  (*Id.*)

7           Plaintiff responds PAGA does not require inclusion of a reference to section 558 in

8    a PAGA letter "so long as the underlying violation *[sic]* of sections 500 to 558 are included and

9    properly alleged."  (ECF No. 87 at 1.)  As to section 226 allegations, plaintiff counters the 2011

10   PAGA letter does list the specific requirements.  (*Id.* at 9.)  Finally, plaintiff counters he is not

11   confined to litigate "only the limited facts and theories set forth in the PAGA letter because at the

12   time the notice letter is mailed, no discovery has yet occurred."  (*Id.* at 1.)

13          With the goal of improving enforcement of existing Labor Code obligations, the

14   California Legislature adopted PAGA, permitting an aggrieved employee to initiate a private civil

15   action on behalf of himself or herself and other employees to recover civil penalties.  *See Caliber*

16   *Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 370 (2005).  The penalties recovered

17   in this kind of civil action generally are distributed 75 percent to the State and 25 percent to the

18   aggrieved employee.  *Id.*  However, before an employee may file such a suit, he or she must

19   comply with certain procedural requirements.  If an action is based on violations of provisions

20   listed in Labor Code section 2699.5, the employee must provide written notice to the LWDA of

21   the facts and theories supporting the alleged violation.  *Arias v. Super. Ct.*, 46 Cal. 4th 969, 981

22   (2009) (citing section 2699.3(a)).[3]  An employee may also bring a PAGA action for violations of

23   sections other than those listed in section 2699.5, but an employee must allow the employer an

24   opportunity to cure the alleged violation in addition to providing notice to the LWDA.  Cal. Lab.

25   Code § 2699.3(c).  The court addresses these requirements in greater detail below.

26

27

28   [3]  Section 2699.5 provides that the written notice provisions of subdivision (a) of section 2699.3
     also apply to the provisions listed in that section.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    1.      Exhaustion of Section 558 Claim

      Defendants argue plaintiff's claim under section 558, claim for PAGA penalties, remains unexhausted.  (ECF No. 89 at 9–10.)  Under section 2699.3(c), they say the LWDA letter "must be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations."  (*Id.* at 10.)

      Plaintiff counters that as long as an underlying violation of a Labor Code section from the 500 to 558 series is alleged, no separate exhaustion requirement applies to claims under section 558.  (ECF No. 87 at 12.)  Plaintiff counters that he alleges violations of sections 510 and 512 and provided sufficient notice as to those violations in his PAGA letters, as required by section 2699.3(a) and not under 2699.3(c).  (*Id.* at 12–14.)

      Section 558 of the Labor Code allows an aggrieved employee to seek a civil penalty from an employer "who violates or causes to be violated, a section of [Chapter one, sections 500–558] or any provision regulating hours and days of work in any order of the Industrial Welfare Commission . . . ."  Cal. Lab. Code § 558(a); *see Hoang v. Vinh Phat Supermarket, Inc.*, No. 13-00724, 2013 WL 4095042, at *3 (E.D. Cal. Aug. 13, 2013).  As noted above, a plaintiff must comply with certain pre-filing notice and exhaustion requirements under section 2699.3.  As also noted, two sets of similar administrative requirements apply, as set forth in subdivisions (a) and (c) of section 2699.3.

      The requirements of subdivision (a) must be met where a plaintiff alleges a violation of any Labor Code provision listed in Labor Code section 2699.5.  Cal. Lab. Code § 2699.3(a).  The listed provisions relevant here are Labor Code sections 226, 510, and 512.  Under subdivision (a), the aggrieved employee must give notice by certified mail to the employer and the LWDA of the specific code provisions alleged to have been violated and the "facts and theories" underlying the alleged violations.  *Id.* § 2699.3(a)(1).  The employee may then bring a civil suit containing a PAGA claim if (1) he receives written notice from the LWDA within thirty days that the agency does not intend to investigate the alleged violation, or (2) thirty-three days pass from the date the employee provided notice to the LWDA and the LWDA does not respond.  *Id.* § 2699.3(a)(2).

On the other hand, where an employee alleges violations of provisions of the Labor Code not enumerated in section 2699.5 or Division 5,[4] the pre-filing requirements of subdivision (c) apply.  *Id.* § 2699.3(c)(1).  These requirements are similar to those in subdivision (a), except that the employee must wait thirty-three days after providing notice to the LWDA and the employer to give the employer an opportunity to cure the alleged violation.  Cal. Lab. Code §§ 2699.3(c)(1)–(2).  If the employer chooses to cure the violation, the employer must provide notice by certified mail to the employee and the LWDA.  *Id.* § 2699.3(c)(2)(A).  If the employee receives no cure notice within the thirty-three day period, then he may commence a civil suit.  *Id.*

Here, to the extent plaintiff's request for penalties under section 558 is predicated on alleged violations of sections 510 and 512, the court finds plaintiff has complied with the exhaustion requirements of section 2699.3.  Plaintiff's July 2011 letter expressly references sections 512 and 510.  (*See* ECF No. 82-1.)  Because both of those sections are listed in section 2699.5, plaintiff's action is subject to the exhaustion requirements set forth in section 2699.3(a).  As noted above, to comply with those requirements, plaintiff had to give written notice to the LWDA and employer, specifying the provisions of the "code alleged to have been violated, including the facts and theories to support the alleged violation."  Cal. Lab. Code § 2699.3(a)(1).  Plaintiff has done so here.

In the July 2011 letter, plaintiff first sets forth the applicable standard under section 512(a)[5].  (ECF No. 82-1.)  Then the letter alleges facts specific to the alleged violations:

---

[4] Division 5 contains requirements related to occupational safety and health, inapplicable here.

[5] Section 512(a) provides as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the

7

1    Defendants did not provide plaintiff with an appropriate meal period because he "was unable to

2    take off-duty and uninterrupted meal [sic] even though the nature of his work did not prevent him

3    from being relieved of all duties."  (ECF No. 82-1.)  The letter further states, "[plaintiff's]

4    employer required [him] to remain on the premises due to fear of theft of the employer's

5    product."  (*Id.*)  Finally, the letter concludes, "[plaintiff] seeks to pursue remedies pursuant to the

6    PAGA . . . ."  (ECF No. 82-1.)

7            With respect to section 510, plaintiff proceeded in the same fashion as for his

8    claimed section 512 violations.  In the July 2011 letter, plaintiff first describes the standard

9    applicable under section 510.[6]  (ECF No. 82-1.)  Then he sets forth facts specific to his claim: He

10   and similarly situated employees were not allowed to leave Western's facilities during their

11   thirty-minute lunch breaks, and because that time counted as time worked, plaintiff was not

12   compensated for overtime hours worked.  (*Id.*)

13           Plaintiff's allegations submitted to the LWDA do not "merely list[] the statutes

14   allegedly violated or recit[e] the statutory requirements . . . ."  *Ovieda*, 2013 WL 3887873, at *3

15   (citing section 2699.3).  *Cf. Amey v. Cinemark USA Inc*, No. 13-05669, 2015 WL 2251504, at *13

16   (N.D. Cal. May 13, 2015) ("Parroting the statute that was violated is insufficient to provide notice

17   under Section 2699.3.").  Rather, plaintiff alleges "at least some 'facts and theories' specific to

18   [his] . . . claims . . . ."  *Ovieda*, 2013 WL 3887873, at 3.  The letters "fulfill[ed] the purpose of

19   enabling the LWDA to make an informed decision about whether to pursue the investigation

20   _____

21           employer and the employee only if the first meal period was not
             waived.

22

23       [6]  Section 510(a) provides as follows:

24           Any work in excess of eight hours in one workday and any work in
             excess of 40 hours in any one workweek and the first eight hours

25           worked on the seventh day of work in any one workweek shall be
             compensated at the rate of no less than one and one-half times the

26           regular rate of pay for an employee. Any work in excess of 12
             hours in one day shall be compensated at the rate of no less than

27           twice the regular rate of pay for an employee. In addition, any work
             in excess of eight hours on any seventh day of a workweek shall be

28           compensated at the rate of no less than twice the regular rate of pay
             of an employee.

8

1   itself." *Id.*; *cf. Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011) ("The

2   demand letter merely lists several California Labor Code provisions Archila alleges KFC violated

3   and requests that KFC conduct an investigation.").

4          Defendants' motion to dismiss plaintiff's request for civil penalties under section

5   558 to the extent predicated on violations of sections 510 and 512 is DENIED.

6                    2.        Exhaustion of Section 226 Claim

7          Defendants argue in the alternative that plaintiff did not properly exhaust his claim

8   arising under section 226 because the LWDA letters did not specify the items missing that section

9   226 requires on wage statements.  (ECF No. 81 at 13.)  Hence, defendants and the LWDA had no

10  notice of the new allegations regarding wage statements.  (*Id.*)

11         The essence of plaintiff's response is that the LWDA letters do not need to state all

12  possible facts and future theories and that plaintiff's letter is sufficiently detailed to satisfy the

13  PAGA requirements.  (ECF No. 87 at 7–10.)

14         As an initial matter, the court notes that Labor Code section 226 is listed in section

15  2699.5, and thus is subject to the provisions of section 2699.3(a).  As noted above, a plaintiff

16  must provide written notice to both the LWDA and the employer, listing "the specific provisions

17  . . . alleged to have been violated, including the facts and theories to support the alleged

18  violation."  Cal. Labor Code § 2699.3(a)(1).  Notice must be sent by certified mail, and the

19  employee can only pursue a claim if the LWDA either declines to investigate or neglects to

20  respond within 33 days.  *Id.* § 2699.3(a)(2)(A).  If the LWDA decides to investigate, it must do so

21  within 120 days.  If it does not investigate or decides not to issue a citation, a plaintiff may then

22  bring a claim.  *Id.* § 2699.3(a)(2)(B).  As noted above, "[t]o constitute adequate notice under §

23  2699.3(a), the notice must allege at least some 'facts and theories' specific to the plaintiff's

24  principal claims; merely listing the statutes allegedly violated or reciting the statutory

25  requirements is insufficient."  *Amey*, 2015 WL 2251504, at *13 (quoting *Ovieda*, 2013 WL

26  3887873, at *3).

27         "PAGA notice must be specific enough such that the LWDA and the defendant

28  can glean the underlying factual basis for the alleged violations."  *Holak v. K Mart Corp.*, No. 12-

9

00304, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015).  PAGA claims are limited to the specific theories identified in a prior LWDA notice letter.  *Id.*  Setting forth a violation based on one theory does not satisfy the notice requirement as to a violation of even the same code section under a different theory.  *Bradescu v. Hillstone Restaurant Group, Inc.*, 2014 WL 5312546, *11 (C.D. Cal. Sept. 18, 2014), *tentative ruling confirmed by* 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014).

   Here, the court finds plaintiff did not properly exhaust his claim under section 226, to the extent it is based on new allegations as explained below.  Plaintiff sent a notice letter in 2011 that set forth the statutory requirements of section 226(a).[7]  While the letter included some factual allegations, it did not put the LWDA and defendants on notice of the new allegations in support.  The notice letter states that:

> [Defendants] do not provide [plaintiff] and other similarly aggrieved employees with accurate itemized wage statements complying with the requirements of [section] 226(a) including, but not limited to, providing the total hours worked by the employee and gross wages earned because [defendants] fail to record all hours worked by [plaintiff] and other similarly aggrieved employees.  As

---

[7]  Section 226(a) provides as follows:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary . . . , (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer . . . , the rate of pay and the total hours worked for each temporary services assignment.

1
2

> a result, [plaintiff] and other similarly aggrieved employees have been deprived from knowing the true amount due and owing to them.

3  (ECF No. 82-1.)

4            a.      Inclusive Dates of Pay Periods

5          The letter contains no allegations regarding defendants' alleged failure to include

6  inclusive dates of pay periods, as pled in plaintiff's new section 226 claim.  This case is thus

7  comparable to *Hillstone*.  In *Hillstone*, the court held that because plaintiff's letter only identified

8  an overtime theory and did not include facts supporting "large party gratuities" or "training

9  bonus" theories, plaintiff could only seek to advance the PAGA claim as to the overtime theory.

10  *Hillstone*, 2014 WL 5312546, at *11 (holding that plaintiff should consider her PAGA claim to be

11  limited to specifically those theories and those Labor Code sections mentioned in her PAGA

12  notice).  Here, while plaintiff did allege violations and theories based on section 226(a), he points

13  the LWDA to defendants' failure to provide the accurate total hours and gross wages earned, but

14  does not assert that the information on inclusive dates of the time period as required by section

15  226(a) were missing entirely.  The "inclusive dates" allegation constitutes a new theory

16  supporting a section 226(a) violation because it involves information absent from, rather than

17  inaccurate in, the LWDA letter.  The letter here does not satisfy the notice standard set out in

18  *Hillstone* and *Holak*.

19            b.      Second Meal Period

20          Similarly, defendants argue that "Stoddart does not assert facts or theories in his

21  letters to the LWDA sufficient to exhaust his 'second' meal period claim" under PAGA.  (ECF

22  No. 81 at 13.)  The 2011 notice letter states that:

23
24
25
26

> Express and Western Wine do and did not provide Mr. Stoddart with legally compliant meal periods because Mr. Stoddart was unable to take off-duty and uninterrupted meals even though the nature of his work did not prevent him from being relieved of all duties. His employer required Mr. Stoddart to remain on the premises due to fear of theft of the employer's product. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid.

27

28  (ECF No. 82, Ex. 1 at 3.)

1    Here, the letter does not spell out whether it refers to first or second meal periods.

2    However, it also states, "Since Mr. Stoddart was scheduled to work 8 hour shifts, he was entitled

3    to 30 minutes of overtime for each day he was required to remain on Western Wine's premises

4    and was subject to the control of his employer."  (*Id.* at 4.)  Defendants argue the LWDA is only

5    on notice as to the "first" meal period allegations, but not "second" meal period violations,

6    because the latter could only occur after a ten hour shift.  (ECF No. 81 at 13−14.)  Plaintiff argues

7    the letter contains facts and theories regarding meal period violations that are not limited to first

8    meal periods.  (ECF No. 87 at 15.)  The court reads the letter as a whole to include only first meal

9    period allegations.  It specifically states that Stoddart was entitled to thirty minutes of overtime

10   each day based on his eight hour shifts.  (ECF No. 82 at 3.)  Plaintiff has not exhausted the PAGA

11   claim predicated on defendants' alleged failure to provide second meal periods.

12                     c.       Correct Overtime Rate

13           Defendants also argue that "Stoddart [does not] allege that he was not paid

14   overtime at the correct rate of pay . . . due to the alleged bonus statements" in his letter to the

15   LWDA.  Yet, he now seeks penalties under this theory in the amended complaint.  (ECF No. 81

16   at 14.)  Plaintiff's 2011 LWDA letter states, "Mr. Stoddart was not compensated for overtime

17   hours worked."  (ECF No. 82, Ex. 1 at 3.)  It references failure to include meal periods, but does

18   not assert any theories based on defendants' failure to pay the correct rate of overtime in light of

19   bonus payment amounts.  (*Id.*)  As noted, PAGA claims are limited to the specific theories

20   identified in a notice letter.  *Holak*, 2015 WL 2384895, at *3.  Here, the LWDA was not on notice

21   of defendants' alleged failure to pay overtime based on any bonus payment theory.  The letter

22   does not even mention that Stoddart received bonus payments.  (*See generally* ECF No. 82.)

23   Plaintiff argues that defendants were well aware of the theory relating to plaintiff's overtime

24   claim, because defendants agreed to include it in a potential settlement in the event a settlement

25   was reached in mediation.  Plaintiff argues defendants cannot claim prejudice from lack of notice

26   in the LWDA letter.  (ECF No. 87 at 16.)

27           But plaintiff must have provided written notice to both the LWDA and the

28   employer, listing "the specific provisions . . . alleged to have been violated, including the facts

12

and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1).   The purpose of the notice requirement is expressly dual:  to provide employers notice and to inform the LWDA of potential labor code violations so it may determine whether to investigate or prosecute on its own.  Plaintiff does not argue the LWDA was aware of his overtime theory, and thus ignores one of the central purposes of the exhaustion requirements.  Plaintiff did not exhaust the PAGA claim for overtime pay violations based on a bonus payment theory.

In sum, the court GRANTS defendants' motion with respect to plaintiff's section 226 claim based on the allegations that defendants did not include on wage statements the inclusive dates of the one-week pay period, provide second meal periods and pay the correct rate of overtime pay.  Plaintiff may not seek penalties under PAGA predicated on these theories.

B.     Relation Back

Because plaintiff's "inclusive dates" allegation was not properly exhausted, the court need not address whether this claim "relates back" to the original complaint.  Plaintiff is barred from asserting this new allegation based on a failure to exhaust theory.

C.     PAGA Violation Penalties

In the alternative, in support of their argument that PAGA penalties for violation of Labor Code section 266 must be dismissed, defendants assert that PAGA penalties under section 226 are unavailable based on a double recovery theory.  (ECF No. 81 at 19.)  Specifically, defendants argue that Labor Code section 226(e) already provides a penalty for a Labor Code section 226(a) violation, and so plaintiff has no basis to recover penalties under section 2699(f)(2).  (*Id.*)

Plaintiff correctly asserts that "Labor Code section 226(e) provides for statutory penalties, not the civil penalties recoverable on behalf of the State.  Therefore, plaintiff's PAGA claim, seeking civil penalties, does not seek duplicative penalties."  (ECF No. 87 at 20.)  Indeed, civil penalties recovered on behalf of the State under the PAGA are distinct from the statutory damages to which an employee may be entitled in his individual capacity.  *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 381 (2014); *see also Ochoa-Hernandez v. Cjaders Foods, Inc.*, No. 08-2073, 2010 WL 1340777, at *2 (N.D. Cal. Apr. 2, 2010) (noting that the

13

1    purposes of the penalties afforded under PAGA "[are] fundamentally designed to protect the

2    public at large").  PAGA's legislative intent is aimed at allowing citizens to act as private

3    attorneys general, while not barring them from other recovery.  *See Iskanian*, 59 Cal. 4th at 381;

4    *Ochoa-Hernandez*, 2010 WL 1340777, at *2.  Section 2699(g)(1) of PAGA states, "Nothing in

5    this part shall operate to limit an employee's right to pursue or recover other remedies available

6    under state or federal law, either separately or concurrently with an action taken under this part."

7    Cal. Lab. Code § 2699(g)(1).  The plain language of the statute makes statutory penalties under

8    section 226(e) of the Labor Code available to plaintiff in addition to civil penalties afforded under

9    PAGA.  As noted in *Brown v. Ralphs Grocery Co.*, it is in the public interest to allow aggrieved

10   employees acting as private attorneys general to recover civil penalties for Labor Code violations

11   designed to protect the public and not to benefit private parties, as well as to bring civil actions

12   personally.  *See* 197 Cal. App. 4th 489, 501 (2011).

13              Defendants assert that *Wert v. U.S. Bancorp* is compelling persuasive authority

14   that should be followed to bar plaintiff from recovery of the PAGA penalties under a double

15   recovery theory.  (ECF No. 81 at 10.)  In *Wert*, a sister district, the court held that when PAGA

16   penalties were sought in addition to statutory penalties, it would result in double recovery of

17   penalties, which the legislature did not intend.  *Wert v. U.S. Bancorp*, No. 13-3130, 2014 WL

18   2860287, at *3 (S.D. Cal. June 23, 2014).  The *Wert* decision is non-binding and this court finds it

19   unpersuasive.  As another court has observed, section 2699(f) operates as a fallback provision,

20   providing penalties "[f]or all provisions of this code except those for which a civil penalty is

21   specifically provided." *York v. Starbucks Corp.*, No. 08-07919, 2012 WL 10890355, at *7 (C.D.

22   Cal. Nov. 1, 2012); *see also Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1135 (N.D. Cal.

23   2014) (PAGA penalties and statutory penalties mutually exclusive; PAGA penalties require only

24   a showing of a section 226(a) violation, rather than an injury); *Pelton v. Panda Rest. Grp., Inc.*,

25   No. 10-8458, 2011 WL 2462047, at *2 (C.D. Cal. June 20, 2011) (finding that civil penalties

26   outlined in section 2699(f) applicable with respect to alleged violations of section 226(a)).  Here,

27   plaintiff asserts a 226(a) violation, alleging inaccurate wage statements.  He may assert claims for

28   both statutory penalties providing individual compensation as well as civil penalties under section

14

1    2699(f) on behalf of the LWDA in accordance with plain statutory language, legislative intent,

2    policy behind PAGA, and the relevant case law.

3            Accordingly, the motion to dismiss the PAGA penalties is DENIED.

4    VI.    MEET AND CONFER

5            In his opposition brief, plaintiff notes that defendants did not engage in any meet-

6    and-confer efforts before filing the instant motions.  (ECF No. 87 at 1.)  Defendants, in their reply

7    brief, respond that they did communicate their arguments to plaintiff's counsel "multiple times

8    before filing this [m]otion."  (ECF No. 89 at 2 n.1.)

9            The court's Standing Order requires parties to "engage in a pre-filing meet and

10   confer to discuss thoroughly the substance of the contemplated motion and any potential

11   resolution" before filing a motion.  (Standing Order, ECF No. 6-1 at 3.)  Here, the court is not

12   persuaded by defendants' explanation that plaintiff was aware of defendants' arguments.

13   Defendants claim that because defendants set forth their positions in the joint status statement and

14   in their opposition to plaintiff's motion to amend the complaint, plaintiff was "well aware" of

15   defendants' position as to plaintiff's first amended complaint.  However, it is not clear from

16   defendants' explanation whether the parties engaged in a meaningful dialogue and discussion,

17   which is the purpose of the meet and confer requirement.  Accordingly, defendants are

18   ORDERED TO SHOW CAUSE, within seven (7) days of this order, why they or their counsel

19   should not be sanctioned in the amount of $250 for failure to comply with the Local Rules and the

20   court's Standing Order.

21   VII.   CONCLUSION

22           Defendants' motion to strike is GRANTED.  Defendants' motion to dismiss is

23   GRANTED in part and DENIED in part as described above.  Plaintiff's second amended

24   /////

25   /////

26   /////

27   /////

28   /////

15

1   complaint is due within twenty-one (21) days of the date of this order.  This order disposes of

2   ECF No. 81.

3          Defendants are directed to respond as directed to the Order to Show Cause

4   incorporated above.

5          IT IS SO ORDERED.

6   DATED:  September 15, 2015.

7

8                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28