1  GRAHAM S.P. HOLLIS (SBN 120577)
   MARTA MANUS (SBN 260132)
2  GRAHAM**HOLLIS** A.P.C.
   3555 Fifth Avenue
3  San Diego, CA  92103
   Telephone: 619.692.0800
4  Facsimile: 619.692.0822

5  MICHAEL D. SINGER (SBN 115301)
   KIMBERLY D. NEILSON (SBN 216571)
6  JENNIFER CONNOR (SBN 241480)
   COHELAN KHOURY & SINGER
7  605 C Street, Suite 200
   San Diego, CA 92101
8  Telephone: 619.595.3001
   Facsimile: 619.595.3000

9
   Attorneys for Plaintiff
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. STODDART individually and on behalf of similarly situated and similarly aggrieved current and former employees of EXPRESS SERVICES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, PHILLIPS & ASSOCIATES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, WESTERN WINE SERVICES, INC., and Does 1 through 100, inclusive,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS SERVICES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, PHILLIPS & ASSOCIATES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, WESTERN WINE SERVICES, INC., and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:12-cv-01054-KJM-CKD<br><br>**SECOND AMENDED COMPLAINT**<br><br>**CLASS ACTION [FED. R. CIV. PROC. RULE 23]**<br>**REPRESENTATIVE ACTION [LABOR CODE § 2698, *et seq.*]**<br><br>(1) FAILURE TO PROVIDE MANDATED MEAL PERIODS (LAB. CODE §§ 226.7, 512 and IWC WAGE ORDER §§ 11 and 12);<br>(2) FAILURE TO PAY OVERTIME WAGES (LAB. CODE §§ 510, 1194 and IWC WAGE ORDER § 3);<br>(3) FAILURE TO TIMELY PAY ALL WAGES UPON TERMINATION (LABOR CODE §§ 201, 202, 203);<br>(4) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE § 226);<br>(5) FAILURE TO MAINTAIN ACCURATE RECORDS (LABOR CODE § 1174);<br>(6) VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*<br>(7) PAGA CLAIM FOR CIVIL PENALTIES (LABOR CODE § 2698, *et seq.*)<br><br>**- JURY TRIAL DEMANDED -** |

1

Plaintiff MICHAEL H. STODDART for causes of action against Defendants, and each of them alleges as follows:

## I.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff MICHAEL H. STODDART brings this putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against EXPRESS SERVICES, INC. doing business as EXPRESS EMPLOYMENT PROFESSIONALS ("EXPRESS SERVICES"); PHILLIPS & ASSOCIATES, INC. ("PHILLIPS") doing business as EXPRESS EMPLOYMENT PROFESSIONALS; and WESTERN WINE SERVICES, INC. ("WESTERN WINE"), and DOES 1 through 100 (collectively "Defendants"), individually and on behalf of other similarly situated current and former employees of Defendants who have performed work for Defendants within the State of California.  Plaintiff also brings this action as a representative action on behalf of other current and former similarly aggrieved employees pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").  Through this action, Plaintiff alleges that Defendants engaged in systematic wage and hour violations and unlawful employment practices by failing to, among other things, provide legally mandated off-duty meal periods and pay all wages owed to current and former employees, including meal premium pay.

2.      EXPRESS SERVICES is a franchisor doing business as EXPRESS EMPLOYMENT PROFESSIONALS.  EXPRESS SERVICES is a temporary staffing agency providing staffing services and other related services to businesses world-wide.  EXPRESS SERVICES serves local business with both full-time and temporary staffing and job placement in addition to providing human resource services and consulting.  At all times relevant to this action, EXPRESS SERVICES contracted with WESTERN WINE to provide temporary staffing services to WESTERN WINE.

3.      PHILLIPS is a California Corporation and franchisee of EXPRESS SERVICES and shares the same d/b/a of EXPRESS EMPLOYMENT PROFESSIONALS as EXPRESS SERVICES.  At all times relevant to this action, PHILLIPS contracted with WESTERN WINE

to provide temporary staffing services to WESTERN WINE.

4.     WESTERN WINE is a transportation and warehouse storage company and alcoholic beverage logistics company located in northern California.  WESTERN WINE provides storage, distribution and bottle-aging services to over 150 wineries throughout northern California.  At all times relevant to this action, EXPRESS SERVICES and PHILLIPS contracted with WESTERN WINE to provide temporary staffing services to WESTERN WINE.

5.     STODDART began his employment at WESTERN WINE in approximately April 2007 in Vallejo, California and was employed until approximately May 2011.  STODDART'S employment with WESTERN WINE was procured through EXPRESS SERVICES and PHILLIPS.  During his employment, STODDART worked in WESTERN WINE's warehouse as a forklift driver.

6.     At all relevant times, Defendants were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558.

7.     At all relevant times, Defendant EXPRESS SERVICES was a "temporary service employer" as defined by Labor Code § 201.3 because EXPRESS SERVICES contracts with clients or customers to supply workers to perform services for the clients and they also (i) negotiate with clients for matters such as the time and place where the services are to be provided and the quality and price of the services; (ii) determine assignments or reassignments of workers; and (iii) retain the authority to assign or reassign a worker to another client when the worker is determined unacceptable by a specific client or customer.

8.     At all relevant times, Defendant PHILLIPS was a "temporary service employer" as defined by Labor Code § 201.3 because PHILLIPS contracts with clients or customers to supply workers to perform services for the clients and they also (i) negotiate with

clients for matters such as the time and place where the services are to be provided and the quality and price of the services; (ii) determine assignments or reassignments of workers; and (iii) retain the authority to assign or reassign a worker to another client when the worker is determined unacceptable by a specific client or customer.

9. At all relevant times, Defendants were joint employers of Plaintiff. EXPRESS SERVICES and PHILLIPS contracted with WESTERN WINE to provide temporary and permanent staffing services to WESTERN WINE. Plaintiff's employment with WESTERN WINE was procured through EXPRESS SERVICES and PHILLIPS. Due to the nature of Defendants' business relationship, Defendants shared control of Plaintiff's employment services and working conditions. EXPRESS SERVICES was the W-2 employer of Plaintiff and controlled Plaintiff's payroll and employment records as well as the general conditions and location of employment, including Plaintiff's rate of pay, and had the authority to hire, fire, promote, or discipline Plaintiff. EXPRESS SERVICES together with PHILLIPS provided employee handbooks, controlled the direction, supervision, standards, policies, procedures and day to day operations of its employees, as well as exercised control over general operations and brand image. PHILLIPS was the franchisee of EXPRESS SERVICES and controlled Plaintiff's payroll and employment records as well as the general conditions of employment, including Plaintiff's rate of pay, and had the authority to hire, fire, promote, or discipline Plaintiff. Defendants agreed that EXPRESS SERVICES would assume the responsibility to furnish Plaintiff and aggrieved and similarly situated employees with itemized wage statements. WESTERN WINE supervised Plaintiff on a day-to-day basis, controlled the manner in which Plaintiff performed his day-to-day job duties, set conditions of Plaintiff's employment, and had the authority to hire, fire, discipline Plaintiff, and increase Plaintiff's hourly rate of pay.

10. Defendants have engaged in a systematic pattern of wage and hour abuse towards Plaintiff and other current and former employees by denying them specific rights afforded to them under California law, including the California Labor Code and rules promulgated by the Industrial Welfare Commission (IWC) Wage Orders. For example,

Defendants failed to provide Plaintiff and other aggrieved and similarly-situated current and former employees with legally compliant, off-duty meal periods.  Defendants failed to pay meal premium compensation equal to one hour of pay at the employee's regular rate of pay for non-compliant meal periods, as required by Labor Code § 226.7(b) and § 11(D) of the applicable IWC Wage Order.  By engaging in these and other acts, Defendants have not complied with California laws mandating uninterrupted and off-duty meal periods and payment of a premium for non-compliant meal periods.

11.     Plaintiff is informed and believes and thereon alleges that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    a.  Failing to pay premium wages for on-duty meal periods and for other meal period violations;

    b.  Failing to pay all overtime wages;

    c.  Failing to timely pay wages due upon termination;

    d.  Failing to provide accurate itemized wage statements;

    e.  Failing to maintain accurate records;

12.     Plaintiff brings this civil action seeking monetary relief against Defendants, on behalf of himself and all other aggrieved and similarly-situated current and former employees of Defendants who have performed work for Defendants in the State of California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to California Labor Code §§ 201, 202, 203, 204b, 210, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, and 2698, *et seq*.  Plaintiff reserves the right to name additional class representatives throughout California.

## II.

## PARTIES, JURISDICTION, AND VENUE

13.     STODDART is and at all relevant times, was a resident of Vallejo, California located in Solano County and was employed by EXPRESS SERVICES, PHILLIPS, and WESTERN WINE at WESTERN WINE's Vallejo, California location.  STODDART worked as a full-time warehouse employee from approximately April 2007 until May 2011.

14.     Defendants' conduct, as herein alleged, occurred in various counties throughout California, including Napa, Sonoma, and Solano Counties.  Plaintiff is informed and believes and thereon alleges that Defendants are, and at all relevant times were authorized to do business and doing business in the State of California, and were employers as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

15.     The true names and capacities of the Defendants named as Doe 1 through Doe 100, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants has participated in the acts alleged in this Complaint.

16.     Plaintiff is further informed and believes and thereon alleges that at all relevant times, each Defendant, whether named or fictitious, was the agent or employee of the other Defendants, joint employer or venture, or alter ego and in participating in the alleged acts in this Complaint, acted within the scope of such agency or employment or ratified the acts of the other.

17.     This Court has jurisdiction over Plaintiff's and Class Members' claims for meal period violations under Labor Code § 218.

18.     This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to furnish timely and accurate wage statements under Labor Code § 226.

19.     This Court has jurisdiction over Plaintiff's and Class Members' claims for specific enforcement of penalties, and restitution of unpaid wages and other ill-gotten benefits arising from Defendants' unlawful and/or unfair business practices under Business & Professions Code §§ 17202 and 17203.

20.     Defendants removed this action to this Court on April 20, 2012 pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 from the Superior Court of the State of California, County of Solano. Plaintiff disputes the existence of jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

21.     Venue is proper in the United States District Court, Eastern District to the

extent that this Court has jurisdiction under the CAFA.

22.     Each Defendant maintains an office, transacts business, and/or has an agent in Solano County and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein arose in Solano County and have a direct effect on Plaintiff and those aggrieved and similarly-situated within the State of California and within Solano County.  Defendants employ Class Members in Solano County and throughout the State of California.

**III.**

**GENERAL ALLEGATIONS**

23.     Defendant PHILLIPS and EXPRESS SERVICES and Does 1 through 100 are, and at all relevant times were doing business as EXPRESS EMPLOYMENT PROFESSIONALS.  Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times herein mentioned, existed a unity of interest and ownership between PHILLIPS and EXPRESS SERVICES and Does 1 through 100.  PHILLIPS and EXPRESS SERVICES and Does 1 through 100 hold themselves out to be and do business as EXPRESS EMPLOYMENT PROFESSIONALS such that any individuality and separateness between them have ceased and that Defendants PHILLIPS and EXPRESS SERVICES and Does 1 through 100 are the alter egos of one another.  Plaintiff is further informed and believes, and thereon alleges, that PHILLIPS and EXPRESS SERVICES and Does 1 through 100 completely and jointly control the affairs of EXPRESS EMPLOYMENT PROFESSIONALS and are the alter egos of one another.

24.     California's Labor Code and Industrial Welfare Commission Wage Orders require employers, among other things, to pay to each employee wages for all hours worked within the time prescribed by law, furnish each employee with accurate itemized wage statements, provide each employee with proper meal periods and to pay employees a premium equal to one hour's pay for on-duty, missed or interrupted meal periods.

25.     Plaintiff worked for Defendants as a nonexempt employee assigned to work at WESTERN WINE's Vallejo, California warehouse facility and was subjected to Defendants' employment practices during the course of his employment.

26.     The applicable IWC Wage Order and Labor Code § 512 provide that "No employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes, except that when a work period of not more than six hours will complete the day's work, the meal period may be waived by mutual consent of the employer and employee.  An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."  Subdivision 11(A) of the applicable IWC Wage Order further provides, "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on-duty' meal period and counted as time worked.  An "on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to."  Thus, a meal period must be off-duty, during which time the employee: 1) is not required to work; 2) is not suffered or permitted to work; 3) is not subject to the control of the employer so as to be free to leave the employer's premises and attend to his/her personal affairs; 4) for a minimum of thirty minutes.  In order for an on-duty meal period to be permitted under the wage orders, all three of the following requirements must be met: 1) the nature of the work must prevent the employee from being relieved of all duty during the meal period; 2) the employee and employer must have previously entered into a signed agreement authorizing an on-duty meal period; and 3) the signed agreement must expressly state that the employee may, in writing, revoke the agreement at any time.

27.     Defendant EXPRESS SERVICES and PHILLIPS did not have a formal or written policy advising employees of their right to meal periods, the timing, length, number or nature of meal periods. Defendants EXPRESS SERVICES and PHILLIPS failed to inform employees of the right to off-duty meal periods during work periods of more than five consecutive hours and failed to inform employees of the right to a second meal period of at least 30 minutes during work periods of more than ten consecutive hours. EXPRESS

1   SERVICES and PHILLIPS directed employees to follow all client rules with respect to meal

2   and rest breaks.

3       28.     Plaintiff and all individuals in Subclasses 39a(iii) (Express Services On-Duty

4   Meal Period Subclass), b(iii) (Phillips On-Duty Meal Period Subclass), and c(iii) (Western

5   Wine On-Duty Meal Period Subclass) (as defined in Section V, Paragraph 39(a)-(c)) worked

6   under invalid on-duty meal period agreements.  As a non-exempt employee, Plaintiff and all

7   individuals in Subclasses 39a(iii), b(iii), and c(iii) were entitled to meal periods as mandated

8   by Labor Code §§ 226.7 and 512 and section 11 of the applicable IWC Wage Order.

9   Defendant WESTERN WINE required employees to sign an on-duty meal period agreement

10  although the nature of the work did not prevent employees, including Plaintiff, from being

11  relieved of all duties during meal periods. EXPRESS SERVICES required employees to

12  complete and submit time records for all hours worked. Although the time records submitted

13  to EXPRESS SERVICES and PHILLIPS show that employees, including Plaintiff, were not

14  provided with off-duty meal periods, EXPRESS SERVICES and PHILLIPS failed to pay the

15  one hour of premium pay and took no action to determine whether the on-duty meal periods

16  provided were lawful.

17      29.     Plaintiff and other current and former WESTERN WINE employees

18  (employees hired directly by WESTERN WINE and employees procured through a temporary

19  service agency are referred to collectively herein as "employees" of WESTERN WINE), were

20  required to remain at the WESTERN WINE facility during meal periods due to fear of

21  employee theft.  Plaintiff and other current and former employees were therefore, due to

22  Defendants' employment policies and practices, never able to leave the employer's premises

23  during meal periods.  As a result, Plaintiff and other current and former employees remained

24  under the control of WESTERN WINE during meal periods and any meal periods taken were

25  on-duty.  Because the nature of the work did not prevent employees from being relieved of all

26  duties during meal periods, the on-duty meal periods provided to Plaintiff and other current

27  and former employees by Defendants did not comply with the applicable IWC Wage Order,

28  section 11(C).  If an employer fails to provide an employee a meal period in accordance with

9

1   the applicable provision of the wage order, the employer shall pay the employee one hour of

2   pay at the employee's regular rate of compensation for each workday that the meal period is

3   not provided.  As such, Defendants owe a meal premium equal to one hour of pay for each

4   workday that meal periods were "on-duty" because Plaintiff and other current and former

5   employees of WESTERN WINE were required to remain at the WESTERN WINE facility

6   during meal periods.  Plaintiff's employment records show that no off-duty meal periods were

7   provided or taken.

8        30.    Plaintiff and current and former employees in Subclasses 39a(ii), b(ii) and c(ii)

9   (as defined in Section V, Paragraph 39(a)-(c)) were not provided with a second meal period of

10  not less than 30 minutes during work periods of more than ten consecutive hours, as required

11  by Labor Code § 512. Plaintiff and other current and former employees in Subclasses a(ii),

12  b(ii) and c(ii) worked numerous work periods of more than ten consecutive hours.

13       31.    Defendants failed to pay Plaintiff meal premium compensation equal to one

14  hour's pay for each day a legally compliant meal period was not provided or required to be

15  taken as on-duty.  As a result of these unlawful practices, Plaintiff and other current and

16  former similarly aggrieved and similarly-situated employees were not paid all wages due and

17  owing.

18       32.    Defendant EXPRESS SERVICES failed to pay Plaintiff and current and former

19  employees in the Unpaid Overtime Subclass (as defined in Section V, Paragraph 39(a)(iv)) all

20  overtime wages due because Defendant EXPRESS SERVICES failed to incorporate non-

21  discretionary bonus payments into employees' regular rate of pay for purposes of calculating

22  the overtime rate of pay. As a result, Plaintiff and current and former employees in the Unpaid

23  Overtime Subclass were not paid all overtime wages due.

24       33.    Defendant EXPRESS SERVICES did not provide Plaintiff and other aggrieved

25  and similarly-situated current and former employees in the Inaccurate Wage Statement

26  Subclass (as defined in Section V, Paragraph 39(a)(v)) with accurate itemized wage statements

27  because the itemized wage statements furnished by EXPRESS SERVICES failed to provide

28  the inclusive dates of the period for which the employee is paid, as required by Labor Code

1   section 226(a)(6) and/or the employees were not paid meal premiums for failure to provide

2   legally compliant, off-duty meal periods and were not paid for all overtime wages due,

3   resulting in an underpayment of wages and inaccurate amount of gross wages reported on the

4   itemized wage statements provided by EXPRESS SERVICES.  As a result of these unlawful

5   practices, the wage statements furnished by EXPRESS SERVICES were inaccurate and failed

6   to comply with the requirements set forth in Labor Code section 226(a).

7       34.    Defendants failed to pay Plaintiff and other former employees all wages due

8   and owing at the time of termination of employment because Defendants did not pay all

9   compensation due including meal premium compensation and accurate overtime compensation

10  for overtime hours worked and meal premium compensation for failing to provide legally

11  compliant meal periods.

12                                      **IV.**

13              <u>**SATISFACTION OF PROCEDURAL NOTICE REQUIREMENTS**</u>

14      35.    On July 20, 2011, pursuant to Labor Code §§ 2698 *et seq.*, Plaintiff

15  STODDART served, via Certified mail, the Labor & Workforce Development Agency

16  (LWDA) and his former employers, with his claim for wage/hour violations and penalties.

17      36.    On October 12, 2011, the LWDA provided notice to Plaintiff of its intent not to

18  investigate the allegations. STODDART therefore satisfied all procedural notice requirements

19  to pursue penalties against Defendants pursuant to the Labor Code  §§ 2698 *et seq.* Plaintiff

20  intends to seek penalties in a representative capacity on behalf of the State of California as

21  Private Attorney General.

22      37.    On February 3, 2012, Plaintiff STODDART served, via Certified mail, the

23  LWDA and his former employers, with a supplemental notice for his wage/hour violations and

24  penalties adding Phillips & Associates, Inc. as a former employer against whom Plaintiff

25  alleges wage and hour violations.

26      38.    On March 8, 2012, the 33 calendar day period for the LWDA to provide notice

27  to Plaintiff of its intent whether to investigate Plaintiff's allegations, expired.  STODDART

28  therefore satisfied all procedural notice requirements to pursue penalties against Defendants

pursuant to the Labor Code  §§ 2698 *et seq.* Plaintiff intends to seek penalties in a

representative capacity on behalf of the State of California as Private Attorney General.

# V.

## CLASS ACTION DESIGNATION

39.     Causes of Action One through Six are appropriately suited for a Class Action

because Plaintiff brings this action, on behalf of himself and all others similarly-situated, as a

Class Action pursuant to Federal Rules of Civil Procedure Rule 23.  The Classes that Plaintiff

seeks to represent are defined as follows:

    a.  **Express Services Class**: All current and former non-exempt temporary service employees of Express Services, Inc. who performed work in California from and after March 13, 2008.

        i.  **Express Services Meal Period Subclass:** All members of the Express Services Class employed when Express Services, Inc. did not have a policy informing them of the right to a meal period of not less than 30 minutes during work periods of more than five consecutive hours.

        ii.  **Express Services Second Meal Period Subclass**:  All members of the Express Services Class whose time records do not show a second meal period of not less than 30 minutes during work periods of more than ten consecutive hours.

        iii.  **Express Services On-Duty Meal Period Subclass**:  All members of the Express Services Class who worked under an on-duty meal period agreement.

        iv.  **Unpaid Overtime Subclass**:  All members of the Express Services Class whose records show that they received one or more non-discretionary bonus payments and worked overtime hours during the corresponding pay period(s).

        v.  **Inaccurate Itemized Wage Statement Subclass**:  All members of the Express Services Class who received one or more itemized wage statements that did not include all wages due and owing for meal premiums and/or overtime wages and/or did not include the inclusive dates of the period for which the employee is paid, from and after March 13, 2009.

    b.  **Phillips Class**: All current and former non-exempt employees of Philips & Associates, Inc., who performed work in California from and after March 13, 2008.

        i.  **Phillips Meal Period Subclass**:  All members of the Phillips Class employed when Phillips did not have a policy informing them of the right to a meal period of not less than 30 minutes during work periods of more than five consecutive hours.

        ii.  **Phillips Second Meal Period Subclass**:  All members of the

Phillips Class whose time records do not show a second meal period of not less than 30 minutes during work periods of more than ten consecutive hours.

iii. **Phillips On-Duty Meal Period Subclass**: All members of the Phillips Class who worked under an on-duty meal period agreement.

c. **Western Wine Class**: All current and former non-exempt employees of Western Wine Services Inc., who performed work in California from and after March 13, 2008.

i. **Western Wine Meal Period Subclass**: All members of the Western Wine Class employed when Western Wine did not have a policy informing them of the right to a meal period of not less than 30 minutes during work periods of more than five consecutive hours.

ii. **Western Wine Second Meal Period Subclass**: All members of the Western Wine Class whose time records do not show a second meal period of not less than 30 minutes during work periods of more than ten consecutive hours.

iii. **Western Wine On-Duty Meal Period Subclass:** All members of the Western Wine Class who worked under an on-duty meal period agreement.

40.   Causes of Action One through Six are appropriately suited for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because:

a.    Numerosity. The potential Classes as defined are a significant number because Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants employed numerous similarly-situated current and former employees, who were affected by the unlawful employment practices alleged herein.  Based on size of the potential classes, joinder of all employees individually would be impractical.

b.    Commonality. This action involves common questions of law and fact to the potential classes because the action focuses on Defendants' systematic course of illegal conduct with respect to violating the California Labor Code and IWC Wage Orders.

c.    Typicality.  Plaintiff's claims are typical of the claims of the classes because Plaintiff was subjected to the same violations of his rights under California law and seeks the same types of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the classes he seeks to represent.  Plaintiff is a member of the classes he seeks to represent.

1          d.    <u>Adequacy of Representation</u>.  Plaintiff is able to fairly and adequately

2    protect the interests of all members of the potential classes because it is in his best interest to

3    prosecute the claims alleged herein to obtain full compensation due to him for all back pay,

4    benefits and other relief afforded under the Labor Code and IWC Wage Orders.  Plaintiff's

5    interests are not in conflict with those of the putative Class Members.  Plaintiff's counsel are

6    competent and experienced in litigating large employment law class actions and other complex

7    litigation matters, including wage and hour cases such as this case.

8          e.    <u>Superiority of Class Action</u>.  Class certification is appropriate because a

9    class action is superior to other available means for the fair and efficient adjudication of this

10   controversy.  Each putative Class Member has been damaged and is entitled to recovery by

11   reason of Defendants' illegal policies and/or practices as alleged herein.  Class action

12   treatment will allow those similarly situated persons to litigate their claims in the manner that

13   is most efficient and economical for the parties and the judicial system.

14                                   **VI.**

15           **PRIVATE ATTORNEYS GENERAL ACT OF 2004 DESIGNATION**

16       41.    Causes of action One, Two, Three, Four, Five and Seven are appropriately

17   suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") representative

18   action because:

19         a.    This action involves allegations of violations of provisions of the

20   California Labor Code that provide for a civil penalty to be assessed and collected by the

21   LWDA or any departments, divisions, commissions, boards, agencies or employees, or for

22   which a penalty is provided for under Labor Code § 2699(f);

23         b.    Plaintiff is an "aggrieved employee" because he was employed by the

24   alleged violator and had one or more of the alleged violations committed against him;

25         c.    On July 20, 2011, pursuant to Labor Code §§ 2698 *et seq.*, Plaintiff

26   served, via Certified mail, the Labor & Workforce Development Agency (LWDA) and his

27   former employers, with his claim for wage/hour violations and penalties. On October 12, 2011,

28   the LWDA notified Plaintiff of its intent not to investigate Plaintiff's claims.  Plaintiff

therefore satisfied the procedural notice requirements pursuant to Labor Code § 2699.3 to pursue penalties pursuant to Labor Code §§ 2698 *et seq.*

d.      On February 3, 2012, Plaintiff STODDART served, via Certified mail, the LWDA and his former employers, with a supplemental notice for his wage/hour violations and penalties adding Phillips & Associates, Inc. as a former employer against whom Plaintiff alleges wage and hour violations.  On March 8, 2012, the 33-day deadline for the LWDA to provide notice to Plaintiff of its whether to investigate Plaintiff's allegations, expired.  Plaintiff therefore satisfied the procedural notice requirements pursuant to Labor Code § 2699.3 to pursue penalties pursuant to Labor Code §§ 2698 *et seq.*  Plaintiff intends to seek recovery of wages and penalties on behalf of himself and all other similarly aggrieved employees, pursuant to the California Labor Code and in a representative capacity on behalf of the State of California as a Private Attorney General.

e.      Plaintiff has filed this action pursuant to Labor Code § 2699(a) and (f), on behalf of himself and all other current or former similarly aggrieved employees of Defendants to recover penalties.  Said penalties include unpaid/underpaid wages which are to be paid to the affected employees pursuant to Labor Code § 558.

**VII.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MANDATED MEAL PERIODS**
**(Violation of Labor Code §§ 226.7 and 512; Violation of Section 11 of the Industrial Welfare Commission Wage Order)**

42.      Plaintiff hereby incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43.      Labor Code § 226.7 requires employers, including Defendants, to provide to its employees meal periods as mandated by Order of the Industrial Welfare Commission.

44.      Labor Code § 512(a) provides, in part, that employers may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes, except that if the total work period per day of

the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

45.     The applicable IWC Wage Order defines "hours worked" as time during which an employee is subject to the control of an employer, and includes all time the employee is suffered or permitted to work, whether or not required to do so.  Under California law, when an employer restrains an employee from leaving the workplace during his or her lunch hour thereby preventing the employee from using the time effectively for his or her purposes, that employee remains subject to the employer's control.  Such an employee is therefore not "relieved of all duty" during his or her meal period.

46.     Section 11(C) of the applicable IWC Wage Order provides, in part, that unless the employee relieved of all duty during a thirty minute meal period, the meal period shall be considered an "on-duty" meal period and counted as time worked.  An "on-duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to.

47.     Labor Code § 226.7(b) provides that if an employer fails to provide an employee with a meal period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

48.      During his employment with Defendants, Plaintiff was a non-exempt employee entitled to meal periods as mandated by Labor Code §§ 226.7 and 512 and section 11 of the applicable IWC Wage Order.  Defendant EXPRESS SERVICES and PHILLIPS did not have a formal or written policy advising employees of their right to meal periods, the timing, length, number or nature of meal periods. Defendant EXPRESS SERVICES and PHILLIPS failed to inform Plaintiff and other current and former employees of the right to off-duty meal periods

1    during work periods of more than five consecutive hours, and a second meal period after ten

2    hours. EXPRESS SERVICES and PHILLIPS directed employees, including Plaintiff, to

3    follow all client rules with respect to meal and rest breaks.

4         49.    During his employment while assigned to work at WESTERN WINE, Plaintiff

5    and other current and former employees were required to sign written on-duty meal period

6    agreements. EXPRESS SERVICES required employees, including Plaintiff, to complete and

7    submit to EXPRESS SERVICES and PHILLIPS completed time records for all hours worked.

8    Although the time records submitted to EXPRESS SERVICES and PHILLIPS clearly show

9    that Plaintiff and other current and former employees were not provided with off-duty meal

10   periods, EXPRESS SERVICES and PHILLIPS took no action to determine whether the on-

11   duty meal periods provided were lawful. During Plaintiff's employment, Plaintiff and other

12   current and former employees were required to remain at the WESTERN WINE premises at

13   all times, including during meal periods. As a result, all meal periods taken by employees,

14   including Plaintiff, were "on-duty". The nature of the job did not prevent employees, including

15   Plaintiff, from being relieved of all duties during meal periods. Because the nature of the job

16   did not prevent employees from being relieved of all duties during meal periods, employees,

17   including Plaintiff were entitled to receive off-duty and uninterrupted meal periods.

18        50.    During Plaintiff's employment, Plaintiff and employees in subclasses 39(a)(ii),

19   (b)(ii) and (c)(ii) worked numerous work periods of more than ten consecutive hours.

20   Defendants failed to inform Plaintiff and employees in subclasses 39(a)(ii), (b)(ii) and (c)(ii) of

21   the right to a second meal period of not less than thirty minutes during work periods of more

22   than ten hours. Therefore, Defendants did not provide a second meal period during work

23   periods of more than ten hours per day.

24        51.    Pursuant to Labor Code § 226.7(b) and IWC Wage Order § 11(D), Defendants

25   shall pay wages equal to one additional hour of pay at the employee's regular rate of

26   compensation for each day that the meal period was not provided or when the employee was

27   required to remain at the employer's premises and take on-duty and/or non-compliant meal

28   periods.

52.     Defendants failed to provide off-duty meal periods and provide payment for non-compliant meal periods, as required by Labor Code § 226.7(b) and by order of the Industrial Welfare Commission.

53.     As a result of Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period was not provided or when meal periods were on-duty, Plaintiff and other current and former employees suffered and continue to suffer a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

54.     In committing the violations of state law as herein alleged, Defendants knowingly and willfully refused to perform their obligations to compensate employees for all wages earned and all hours worked.  As a direct result, Plaintiff and other current and former employees have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

55.     Pursuant to Labor Code § 218.5, Plaintiff seeks from Defendants an award of attorneys' fees and costs incurred herein.

56.     Plaintiff seeks and is entitled to interest on all due and unpaid wages pursuant to Labor Code § 218.6.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**
(Violation of Labor Code §§ 510, 1194 and 1198)

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

58.     Labor Code § 510 provides "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than

one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

59.    The applicable Wage Order of the Industrial Welfare Commission requires every employer to pay to each non-exempt employee wages not less than one and one-half times the regular rate of pay for an employee for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  Any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

60.    Labor Code § 1194 provides, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

61.    Labor Code § 1198 provides, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

62.    During Plaintiff's employment, Plaintiff and other employees in subclass 39(a)(iv) (Unpaid Overtime Subclass) worked in excess of eight hours in one workday and in excess of forty hours in one workweek. EXPRESS SERVICES paid its non-exempt employees non-discretionary bonuses in the form of referral bonuses and retention bonuses. A referral bonus was paid to employees who referred an individual to EXPRESS SERVICES for

employment. A retention bonus was paid to employees who remained employed with EXPRESS SERVICES for a specific period of time. EXPRESS SERVICES paid Plaintiff at least one non-discretionary bonus during his employment.

63.     Contrary to California law, EXPRESS SERVICES failed to incorporate the non-discretionary bonus payments in the employee's regular rate of pay when calculating an employee's overtime rate of pay. As such, the overtime rate of pay paid by EXPRESS SERVICES was incorrect and the overtime wages were underpaid.

64.     As a result of Defendants' failure to pay all overtime wages due, Plaintiff and other current and former employees suffered and continue to suffer a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

65.     In committing the violations of state law as herein alleged, Defendants knowingly and willfully refused to perform their obligations to compensate employees for all wages earned.  As a direct result, Plaintiff and other current and former employees have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

66.     Pursuant to Labor Code § 218.5, Plaintiff seeks from Defendants an award of attorneys' fees and costs incurred herein.

67.     Plaintiff seeks and is entitled to interest on all due and unpaid wages pursuant to Labor Code § 218.6.

### THIRD CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL WAGES UPON TERMINATION
**(Violation of Labor Code §§ 201, 202, 203)**

68.     Plaintiff hereby incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.     Labor Code § 203 requires Defendants to immediately pay any wages without

abatement or reduction to any employee who is discharged.  For willful violations of Labor Code § 201, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or thirty days have elapsed.

70.     At the time of termination of employment with Defendants, Defendants did not provide Plaintiff and other current and former employees with all wages due and owing, including all missed, on-duty meal period, and meal premium pay and overtime wages by the time specified by Labor Code § 201.  Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiff and other aggrieved employees the above-cited waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

71.     Plaintiff is informed and believes and thereon alleges that, at all times material to this action, Defendants, and each of them, maintained a planned pattern and practice of failing to pay Plaintiff and other aggrieved former employees all wages due and owing, including all pursuant to Labor Code § 226.7(b), within the time specified by Labor Code §§ 201 and 202.

72.     Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof, at the same rate until paid, or until an action is commenced, but not more than 30 days, for the violation of Labor Code §§ 201 and 202.

73.     Defendants failed to pay Plaintiff for all wages due and owing to him, including those related to meal period premiums and overtime at the correct rate of pay.   As a result, Plaintiff and other current and former employees suffered losses related to the use and enjoyment of compensation due and owing to them as a result of Defendants Labor Code violations, in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

74.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties and waiting time penalties pursuant to Labor Code § 203, monies, interest, attorneys' fees and costs.  Plaintiff seeks and is entitled to interest on all due and unpaid wages pursuant to Labor Code § 218.6.

1

## FOURTH CAUSE OF ACTION

2

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Violation of Labor Code § 226)

3

4

75.     Plaintiff hereby incorporates by reference paragraphs 1 through 74 as though

5

fully set forth herein.

6

76.     Labor Code § 226(a) requires, in pertinent part that employers, including

7

Defendants, and Does 1 through 100, inclusive, furnish their employees with each wage

8

payment an accurate itemized writing that shows gross wages earned, total hours worked, all

9

deductions, net wages earned, the inclusive dates of the period for which the employee is paid,

10

the name of the employee and the portions of his or her social security number as required by

11

law, and all applicable hourly rates in effect during the pay period and the corresponding

12

number of hours worked at each hourly rate by the employee.

13

77.     Defendants intentionally and knowingly failed to provide to Plaintiff and

14

current and former employees in subclass 39(a)(v) the above-described writing showing the

15

accurate compensation due and owing because Plaintiff was not compensated for all wages

16

due including all overtime wages and meal period premiums for non-compliant meal periods.

17

Furthermore, the itemized wage statements provided by Defendants to Plaintiff and current

18

and former employees in subclass 39(a)(v) failed to show the inclusive dates of the period for

19

which the employee is paid, as required by Labor Code section 226(a)(6).

20

78.     Defendants' failure to provide an accurate wage statement deprived Plaintiff

21

with the ability to know, understand and question the calculation and rate of pay and hours

22

used to calculate the wages paid by Defendants.  Plaintiff, therefore, had no way to dispute the

23

resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment

24

to Defendants and Does 1 through 100, inclusive.  As a direct result, Plaintiff suffered and

25

continues to suffer, substantial losses related to the use and enjoyment of such wages, lost

26

interest on such wages and expenses and attorneys' fees in seeking to compel Defendants, and

27

Does 1 through 100, inclusive, to fully perform their obligations under state law, all to his

28

respective damage in amounts according to proof at trial and within the jurisdiction of this

Court.

79.     Labor Code § 226, in part, permits employees suffering injury to collect actual damages or the amount specified in Section 226.

80.     As a result of this knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and other current and former employees have suffered an injury in that they were prevented from knowing, understanding and disputing the wage payments paid to him. Labor Code § 226(e) requires Defendants, and Does 1 through 100, inclusive, to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorneys' fees and costs, to each Plaintiff who was injured by the failure to comply with Labor Code § 226(a).  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

### FIFTH CAUSE OF ACTION

### <u>FAILURE TO MAINTAIN ACCURATE RECORDS</u>
**(Violation of Labor Code § 1174)**

81.     Plaintiff hereby incorporates by reference paragraphs 1 through 80 as though fully set forth herein.

82.     Labor Code § 1174(d) requires in part that employers, including Defendants, maintain payroll records showing the hours worked daily by their employees and wages paid to their employees.  Defendants failed to record all hours worked by Plaintiff and other similarly aggrieved and similarly-situated employees while working during on-duty and non-compliant meal periods.

83.     Pursuant to Labor Code § 1174.5, any person employing labor who willfully fails to maintain the accurate and complete records as required by Labor Code § 1174(d) is subject to a penalty.

84.     During the time frame specified and at all relevant times set forth in this Complaint, Defendants and Does 1 through 100, inclusive, willfully failed to maintain accurate records pursuant to Labor Code § 1174 by failing to properly record all hours worked and

1    accurate wages due.

2          85.    The failure to maintain accurate records deprived Plaintiff and similarly

3    aggrieved and similarly-situated employees of Defendants, of the ability to know, understand

4    and question the calculation of rate of pay and hours used to calculate the wages paid by

5    Defendants, and Does 1 through 100, inclusive.  Plaintiff therefore, had no way to dispute the

6    resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment

7    to Defendants, and Does 1 through 100, inclusive.  As a direct result, Plaintiff has suffered and

8    continues to suffer, substantial losses related to the use and enjoyment of such wages, lost

9    interest on such wages and expenses and attorneys' fees in seeking to compel Defendants and

10   Does 1 through 100, inclusive, to fully perform their obligation under state law, all to his

11   respective damages in amounts according to proof at trial and within the jurisdiction of this

12   Court.

13         86.    As a result of Defendants', and Does 1 through 100, inclusive, knowing and

14   willful failure to comply with Labor Code § 1174, Plaintiff has suffered an injury in that he

15   was prevented from knowing, understanding and disputing the wage payments paid to him.

16                             **SIXTH CAUSE OF ACTION**

17         **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200** *et seq.*

18         87.    Plaintiff hereby incorporates by reference paragraphs 1 through 86 as though

19   fully set forth herein.

20         88.    California Business & Professions Code §§ 17200 et seq. prohibits acts of

21   unfair competition, which include any "unlawful, unfair or fraudulent business act or practice

22   …"  Plaintiff, as herein alleged, has suffered and continues to suffer injuries in fact due to the

23   unlawful business practices of Defendants as alleged herein.

24         89.    As alleged herein, Defendants have systematically engaged in unlawful wage

25   practices.

26         90.    From the time Plaintiff was hired, Defendants failed to comply with the

27   California Labor Code and Industrial Welfare Commission Orders through their actions as

28   herein alleged, including but not limited to their failure to: (1) provide employees with legally

24

compliant meal periods; (2) with respect to Defendants other than Western Wine, pay all wages due and owing within the time specified by the Labor Code; (3) with respect to Defendants other than Western Wine, provide accurate itemized wage statements; (4) pay employees meal premium compensation for non-compliant meal periods; and (5) with respect to Defendants other than Western Wine, include non-discretionary bonuses when calculating an employee's overtime rate of pay .

91.     At all times relevant herein, Defendants avoided paying wages and other financial obligations, thereby creating for Defendants an artificially lower cost of doing business, enabling them to secure a greater foothold in the marketplace, all to the detriment of Plaintiff and other current and former employees of Defendants.

92.     At all times relevant herein, Plaintiff relied on and believed Defendants' representations concerning their conformance with California wage and hour laws and their provisions of competitive pay to be true, all to his detriment.

93.     As a result of Defendants' intentional, willful, purposeful and illegal misrepresentations of their offering of competitive pay and conformance with the Labor Code and Industrial Welfare Commission Wage Orders, Plaintiff suffered a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.  By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §§ 17200 *et seq.*

94.     Defendants' violations of the California Labor Code and the Orders of the Industrial Welfare Commission and their scheme to lower payroll costs as alleged herein, constitutes unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiff and all other similarly situated employees.

95.     As a result of the unfair business practices of Defendants alleged herein, Plaintiff and all similarly situated members of the Plaintiff classes are entitled to restitution in an amount according to proof.  As a private litigant under California Civil Code § 1021.5,

Plaintiff seeks and is entitled to recover any and all attorneys' fees incurred herein.

**SEVENTH CAUSE OF ACTION**

**PAGA CLAIM FOR CIVIL PENALTIES**
**(Violation of Labor Code § 2698 *et seq.*)**

96.    Plaintiff hereby incorporates paragraphs 1 through 95 as though fully set forth herein.

97.    Pursuant to Labor Code § 2698 *et seq.*, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA) or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

98.    Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him, and therefore is properly suited to represent the interest of other aggrieved current and former employees of Defendants.

99.    On July 20, 2011, pursuant to Labor Code §§ 2698 et seq., Plaintiff served, via Certified mail, the Labor & Workforce Development Agency (LWDA) and his former employers with his claim for wage/hour violations and penalties.  The 33 calendar day period for the LWDA to inform Plaintiff of its intent to investigate or to not investigation the allegations expired on August 22, 2011.  On October 12, 2011, the LWDA notified Plaintiff of its intent not to investigate Plaintiff's claims.

100.    On February 3, 2012, Plaintiff STODDART served, via Certified mail, the LWDA and his former employers, with a supplemental notice for his wage/hour violations and penalties adding Phillips & Associates, Inc. as a former employer against whom Plaintiff alleges wage and hour violations.  On March 8, 2012, the 33 calendar day period for the LWDA to provide Plaintiff notice of its intent whether to investigate Plaintiff's allegations expired.

101.    Plaintiff therefore satisfied the procedural notice requirements pursuant to Labor Code § 2699.3 to pursue penalties against Defendants pursuant to Labor Code §§ 2698 *et seq.*  Plaintiff may therefore commence a civil action pursuant to §§ 2698 *et seq.*

102.    Plaintiff intends to seek recovery of wages and penalties on behalf of himself and all other similarly aggrieved employees, pursuant to the California Labor Code and in a representative capacity on behalf of the State of California as a Private Attorney General.

103.    Labor Code § 2699(f)(2) imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code §§ 201.3, 201, 202, 203, 226.7, 226, and/or 512.

104.    Labor Code § 558 provides for civil penalties for violations of the Labor Code sections 500-558 or any provision regulating hours and days of work in any Wage Order. The civil penalty is fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation for each underpaid employee in addition to "an amount sufficient to recover underpaid wages." The wages recovered are to be paid to the affected employee.

105.    Labor Code §226.3 provides for a civil penalty of two hundred fifty dollars ($250) per employee per violation for the initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation in addition to any other penalty provided by law.

106.    Plaintiff, as a personal representative of the general public, will and does seek to recover any and all penalties for each and every violation shown to exist or to have occurred during the one year period before Plaintiff filed Notice with the LWDA of his intent to bring this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with at least 75% of the penalties recovered being reimbursed to the State of California and the Labor and Workforce Development Agency.

107.    Pursuant to Labor Code §§ 2699, 558, and 226.3 Plaintiff seeks to recover civil

penalties on behalf of himself and other similarly aggrieved current and former employees of Defendants.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

108.   For bringing this action, Plaintiff is entitled to attorneys' fees and costs incurred herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Classes he seeks to represent in this action, pray for judgment against Defendants as follows:

a.   For general damages;

b.   For special damages;

c.   For reasonable attorneys' fees, cost of suit, penalties, and interest to the extent permitted by law, including pursuant to Civil Code § 1021.5 and Labor Code §§ 203, 218.5, 218.6, 558, 1194, 2698 *et seq.*;

d.   For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and Orders of the Industrial Welfare Commission;

e.   For restitution as provided by Business and Professions Code § 17200 *et seq.*;

f.   For restitution as provided by Labor Code § 1197.1;

g.   For an order requiring Defendants to restore all funds to each Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constituting unfair competition under Business and Professions Code § 17200 *et seq.*;

h.   For an award of damages in the amount of unpaid compensation, including but not limited to unpaid wages, benefits and penalties according to proof, including interest thereon;

i.   For an award of an additional hour of pay at each Plaintiffs' regular rate of compensation including, but not limited to, unpaid wages pursuant to Labor Code § 226.7(b);

j.   An award of the greater of actual damages or the liquidated damage amounts provided by Labor Code § 226(e) for Defendants' failure to provide accurate

1     itemized wage statements, pursuant to Labor Code § 226(a);

2          k.     For pre and post-judgment interest; and

3          l.     An award of such other and further relief as this Court deems just and proper.

4

5                                         Respectfully submitted,

6     Dated:  October 7, 2015                GRAHAM**HOLLIS** A.P.C.

7

8                                   By:  _s/ Marta Manus_
                                        Marta Manus, Esq.

9

10                                      Attorneys for Plaintiff

11    Dated: October 7, 2015              COHELAN KHOURY & SINGER

12

13                                  By:  _s/Kimberly D. Neilson_
                                        Kimberly D. Neilson

14

15                                      Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

*Stoddart v. Express Services, Inc., et al.*
**U.S.D.C. Case No. 12-CV-01054 KJM (CKD)**

I, Matthew Atlas, declare as follows:

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, CA 92101.

On October 7, 2015, I instituted service of the forgoing document(s) described as:

**SECOND AMENDED COMPLAINT**

on the following parties:

**SEE ATTACHED SERVICE LIST**

in the following manner (as indicated below):

   X   Submitting an electronic version of the document(s) via portable document format (PDF) to the court at https://ecf.caed.uscourts.gov.

Service will be deemed effective as provided for by Rule 135 of the District Court of California, Eastern District.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service is made.

Executed October 7, 2015, at San Diego, California.

_____
Matthew Atlas

**SERVICE LIST**
*Stoddart v. Express Services, Inc., et al.*
**U.S.D.C. Case No. 12-CV-01054 KJM (CKD)**

| | |
|---|---|
| Richard J. Simmons, Esq. | Counsel for Defendants Express |
| Jason W. Kearnaghan, Esq. | Services, Inc. d/b/a Express |
| SHEPPARD MULLIN RICHTER & | Employment Professionals and Phillips |
| HAMPTON LLP | & Associates, Inc. d/b/a Express |
| 333 South Hope Street | Employment Professionals |
| Forty-Third Floor | |
| Los Angeles, CA 90071 | |
| Telephone: (213) 620-1780 | |
| Facsimile: (213) 620-1398 | |
| rsimmons@sheppardmullin.com | |
| jkearnaghan@sheppardmullin.com | |

| | |
|---|---|
| Morgan P. Forsey, Esq. | Counsel for Defendants Express |
| SHEPPARD MULLIN RICHTER | Services, Inc. d/b/a Express |
| & HAMPTON LLP | Employment Professionals and Phillips |
| Four Embarcadero Center 17th Floor | & Associates, Inc. d/b/a Express |
| San Francisco, CA 94111 | Employment Professionals |
| Telephone; (415) 434-9100 | |
| Facsimile: (415) 434-3947 | |
| mforsey@sheppardmullin.com | |

| | |
|---|---|
| Janet L. Grumer, Esq. | Counsel for Defendants Express |
| Aaron N. Colby, Esq. | Services, Inc. d/b/a Express |
| Jacob Daniels, Esq. | Employment Professionals and Phillips |
| DAVIS WRIGHT TREMAINE LLP | & Associates, Inc. d/b/a Express |
| 865 S. Figueroa Street, Suite 2400 | Employment Professionals |
| Los Angeles, CA 90017-2566 | |
| Telephone: (213) 633-6800 | |
| Facsimile: (213) 633-6899 | |
| janetgrumer@dwt.com | |
| aaroncolby@dwt.com | |
| jacobdaniels@dwt.com | |

| | |
|---|---|
| Elizabeth Scott Wood, Esq. | Counsel for Defendants Express |
| McAFEE & TAFT, a Professional Corp. | Services, Inc. d/b/a Express |
| 211 N. Robinson | Employment Professionals and Phillips |
| 2 Leadership Square, 10th Floor | & Associates, Inc. d/b/a Express |
| Oklahoma City, OK 73102 | Employment Professionals |
| Telephone: (405) 235-9621 | |
| Facsimile: (405) 235-0439 | |
| elizabeth.wood@mcafeetaft.com | |

**SERVICE LIST**
*Stoddart v. Express Services, Inc., et al.*
**U.S.D.C. Case No. 12-CV-01054 KJM (CKD)**

| | |
|---|---|
| Jessica John Bowman, Esq.<br>McAFEE & TAFT, a Professional Corp.<br>1717 S. Boulder, Suite 900<br>Tulsa, OK 74119<br>Telephone: (918) 587-0000<br>Facsimile: (918) 599-9317<br>jessica.johnbowman@mcafeetaft.com | Counsel for Defendants Express<br>Services, Inc. d/b/a Express<br>Employment Professionals and Phillips<br>& Associates, Inc. d/b/a Express<br>Employment Professionals |
| Fraser A. McAlpine, Esq.<br>Douglas G.A. Johnston, Esq.<br>Alison H. Hong, Esq.<br>JACKSON LEWIS P.C.<br>50 California Street, 9th Floor<br>San Francisco, CA 94111-4615<br>Telephone: (415) 394-9400<br>Facsimile: (415) 394-9401<br>fraser.mcalpine@jacksonlewis.com<br>douglas.johnston@jacksonlewis.com<br>alison.hong@jacksonlewis.com | Counsel for Defendant Western Wine<br>Services, Inc. |
| Scott C. Lacunza, Esq.<br>JACKSON LEWIS P.C.<br>5000 Birch Street, Suite 5000<br>Newport Beach, CA 92660<br>Telephone: (949) 885-1360<br>Facsimile: (949) 885-1380<br>lacunzas@jacksonlewis.com | Counsel for Defendant Western Wine<br>Services, Inc. |
| Graham S.P. Hollis, Esq.<br>Marta Manus, Esq.<br>GRAHAMHOLLIS A.P.C.<br>3555 Fifth Avenue, Suite 200<br>San Diego, CA 92103<br>Telephone: (619) 692-0800<br>Facsimile: (619) 692-0822<br>ghollis@grahamhollis.com<br>mmanus@grahamhollis.com | Co-counsel for Plaintiff Michael<br>Stoddart |