1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL H. STODDART, individually          No.  2:12-cv-01054-KJM-CKD
      and on behalf of similarly situated and
12    similarly aggrieved current and former
      employees of defendants,
13                                                ORDER
                     Plaintiffs,
14
             v.
15
      EXPRESS SERVICES, INC. d/b/a
16    EXPRESS EMPLOYMENT
      PROFESSIONALS, PHILLIPS &
17    ASSOCIATES, INC. d/b/a EXPRESS
      EMPLOYMENT PROFESSIONALS,
18    WESTERN WINE SERVICES, INC., and
      Does 1 through 100, inclusive,[1]
19
                     Defendants.
20

21    _____

22            [1] The Ninth Circuit provides, "'[Plaintiffs] should be given an opportunity through
23    discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the
      alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*,
24    177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.
      1980)) (modifications in original).  Federal Rule of Civil Procedure 4(m), as recently amended,
25    provides for dismissal of defendants not served within ninety days of filing of the complaint
26    unless plaintiff shows good cause.  *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS
      97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist.
27    LEXIS 109837, at *2–4 (N.D. Cal. Sept. 27, 2011).  Plaintiff will be ordered to show cause why
      the court should not dismiss the "Doe" defendants.
28

1    This matter is before the court on a motion to dismiss portions of the second

2    amended complaint filed by defendants Express Services, Inc. and Phillips & Associates, Inc.

3    (collectively, "Express" or "defendants").  Mot., ECF No. 97.  Plaintiff opposed the motion.

4    Opp'n, ECF No. 100.  The court submitted the matter as provided by Local Rule 230(g).  As

5    explained below, the court DENIES Express's motion.

6    I.    BACKGROUND

7          The court has summarized the factual and procedural background of this action in

8    previous orders.  *See, e.g.*, ECF No. 91.  Express's motion to dismiss raises two issues:

9    (1) whether the court's September 16, 2015 order dismissed plaintiff's additional wage statement

10   allegations as they relate to plaintiff's fourth cause of action for violation of California Labor

11   Code section 226[2]; and (2) if not, whether the court should now dismiss the allegations as time

12   barred.  *See* Mot. at 1.

13         On April 20, 2015, plaintiff filed a first amended complaint.  First Am. Compl.

14   ("FAC"), ECF No. 76.  The first amended complaint alleged seven claims: (1) failure to provide

15   mandated meal periods in violation of Labor Code sections 226.7 and 512, and sections 11 and 12

16   of the applicable Industrial Welfare Commission ("IWC") Wage Order; (2) failure to pay

17   overtime wages in violation of Labor Code sections 510, 1194, and 1198, and section 3 of the

18   applicable IWC Wage Order; (3) failure to timely pay all wages upon termination in violation of

19   Labor Code sections 201–03; (4) failure to provide accurate itemized wage statements in violation

20   of Labor Code section 226; (5) failure to maintain accurate records in violation of Labor Code

21   section 1174; (6) unfair competition in violation of California's Business and Professions Code

22   section 17200, *et seq.* ("UCL"); and (7) a claim for civil penalties under California's Private

23   Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698, *et seq.  See generally id.*

24         On May 4, 2015, Express moved to dismiss and to strike portions of the first

25   amended complaint.  ECF No. 81.  As relevant here, Express moved to dismiss as time barred

26

27   _____

     [2] All statutory and regulatory citations are to California authority unless otherwise
28   specified.

2

1  plaintiff's Labor Code section 226(a)(6) claim based on the newly added allegation that

2  defendants did not include on wage statements the inclusive dates of the one-week pay period.

3  *Id.* at 6–9.  Express argued the new "inclusive dates" theory did not relate back to the original

4  section 226 claim, which was based solely on Western Wine Service, Inc.'s alleged failure to

5  provide compliant meal periods, because the two theories are predicated on different facts.  *Id.*

6  at 7–9.  In addition, Express moved to dismiss plaintiff's claim for PAGA penalties based on the

7  "inclusive dates" allegation, arguing PAGA penalties based on a violation of section 226 are

8  unavailable as a matter of law, and even if they were available, plaintiff failed to exhaust such a

9  claim.  *Id.* at 9–10, 13.

10          On September 16, 2015, the court granted Express's motion to strike and granted

11  in part and denied in part Express's motion to dismiss.  ECF No. 91.  With respect to plaintiff's

12  section 226(a)(6) claim and the dependent PAGA claim, the court held:

13          > In sum, the court GRANTS defendants' motion with respect to

14          > plaintiff's section 226 claim based on the allegations that
          > defendants did not include on wage statements the inclusive dates
          > of the one-week pay period, provide second meal periods and pay

15          > the correct rate of overtime pay.  Plaintiff may not seek penalties
          > under PAGA predicated on these theories.

16

17          > . . .

18          > Because plaintiff's "inclusive dates" allegation was not properly
          > exhausted, the court need not address whether this claim "relates

19          > back" to the original complaint.  Plaintiff is barred from asserting
          > this new allegation based on a failure to exhaust theory.

20  *Id.* at 13.

21          On October 7, 2015, plaintiff filed a second amended complaint, which included a

22  claim for violation of section 226(a)(6) based on the "inclusive dates" allegation.  Second Am.

23  Compl. (SAC) ¶¶ 33, 76–77, ECF No. 94.  On October 28, 2015, Express moved to dismiss

24  plaintiff's claim for relief under section 226(a)(6) based on the "inclusive dates" allegation as

25  barred by the court's September 16, 2015 order, or, alternatively, as time barred.  Mot., ECF

26  No. 97.  Express has represented, and plaintiff has not disputed, that plaintiff agreed to amend the

27  second amended complaint to reflect the court's dismissal of plaintiff's claims for PAGA

28  penalties based on an alleged failure to: (1) provide plaintiff and allegedly aggrieved employees

3

1   second meal periods; (2) pay plaintiff and allegedly aggrieved employees overtime wages at the

2   correct regular rate; and (3) include the inclusive dates of the pay periods on employee itemized

3   wage statements. *See id.* at 7. Express further argues that the court previously found, by

4   implication, that plaintiff's standalone section 226 claim was time-barred. *Id*. at 6-7.

5          Plaintiff opposed Express's motion, ECF No. 100, and Express replied, ECF

6   No. 103.

7   II.     DISCUSSION

8          The court first finds it did not address in its September 16, 2015 order whether

9   plaintiff's standalone section 226 claim based on the "inclusive dates" allegation was time barred.

10  The court concluded it did not need to reach Express's argument that plaintiff's individual section

11  226 claim (fourth cause of action) was time barred, because plaintiff's claim for PAGA penalties

12  predicated on a violation of section 226 based on the "inclusive dates" theory (seventh cause of

13  action) was not properly exhausted. ECF No. 91 at 13. However, plaintiff correctly notes that his

14  individual section 226 claim is distinct from his claim for PAGA penalties predicated on a

15  violation of section 226, and there is no exhaustion requirement for his individual claim. *See*

16  Opp'n at 1, 6 (citing Cal. Lab. Code § 226(e) and *Caliber Bodyworks, Inc. v. Superior Court*, 134

17  Cal. App. 4th 365, 377–78 (2005)). Accordingly, upon reflection, the court determines it should

18  have reached the merits of Express's argument that plaintiff's individual claim is time barred.

19  Express has renewed this argument in its present motion. *See* Mot. at 2. The court now considers

20  whether plaintiff's individual section 226 claim based on the "inclusive dates" allegation is time

21  barred.

22         A section 226 claim for penalties has a one-year statute of limitations, and a

23  section 226 claim for actual damages or injunctive relief has a three-year statute of limitations.

24  *Singer v. Becton, Dickinson & Co*., No. 08-821, 2008 WL 2899825, at *5 (S.D. Cal. July 25,

25  2008) (discussing California Civil Procedure Code sections 338(a) & 340(a)). Plaintiff was

26  employed with Western Wine until May 2011, SAC ¶¶ 5 & 13, but did not raise his "inclusive

27  dates" theory until he filed a first amended complaint on April 20, 2015, *see* FAC ¶ 33.

28  Accordingly, plaintiff's "inclusive dates" theory is time barred under either a one-year or a three-

4

1    year statute of limitations unless it relates back to the section 226 claim asserted in the original

2    complaint, which was filed in state court on March 13, 2012, *see* Compl., Notice of Removal

3    Ex. A, ECF No. 1-1.  The parties do not dispute that plaintiff's theory is time barred unless it

4    relates back to the original complaint.  *See* Mot. at 11–12; Opp'n at 8.

5                    Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading

6    relates back to the date of the original pleading when "the law that provides the applicable statute

7    of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).  The majority of the circuits that

8    have considered the issue have held that Rule 15(c)(1) broadly incorporates the relation-back

9    rules of a state when that state's law provides the applicable statute of limitations.  *See Saxton v.*

10   *ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001); *Livingston v. Kemper Sports Mgmt. Inc.*,

11   No. 12-01427, 2012 WL 5349174, at *5 n.3 (E.D. Cal. Oct. 26, 2012).  Here, California law

12   provides statutes of limitations on the California Labor Code claims, *see* Cal. Code Civ. Proc.

13   §§ 338(a), 340(a), so the court examines California's relation-back rules.

14                   Under California law, an amendment relates back to the original complaint when it

15   (1) rests on the same general set of facts, (2) involves the same injury, and (3) refers to the same

16   instrumentalities as the original complaint.  *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 408–09

17   (1999).  The policy behind California's statutes of limitations and relation-back doctrine is to "put

18   defendants on notice of the need to defend against a claim in time to prepare a fair defense on the

19   merits."  *Garrison v. Bd. of Directors*, 36 Cal. App. 4th 1670, 1678 (1995).

20                   Here, the court finds plaintiff's "inclusive dates" theory relates back to plaintiff's

21   original section 226 claim.  First, the two claims rest on the same core set of facts, namely,

22   defendants' alleged failure to provide their employees with compliant itemized wage statements,

23   and the claims rely on the same evidence, the wage statements themselves.  *Cf. Abad v. Waste*

24   *Connections, Inc.*, No. 12-06708, 2013 WL 1163982, at *5 (C.D. Cal. Mar. 20, 2013) (analyzing

25   claim under federal Rule 15(c)(1)(B)).  Second, the two claims involve the same injury:

26   employees' ability to understand and question the calculation of their wages.  *See Mazzei v. Regal*

27   *Entm't Grp.*, No. 13-1284, 2013 WL 6633079, at *7 (C.D. Cal. Dec. 13, 2013).  Finally, the

28   instrumentalities of the alleged wrongdoing are identical for the two claims: defendants' issuance

1  of allegedly non-compliant wage statements.  *Cf. Espinosa v. Superior Court*, 202 Cal. App. 3d

2  409, 414–15 (1988) (an amendment does not refer to the same instrumentalities of the original

3  complaint if the two injuries were caused at different times and resulted from different actions or

4  events).

5  Because both claims arise from the same core facts, injury, and instrumentality, the

6  court finds plaintiff's "inclusive dates" theory relates back to plaintiff's original section 226

7  claim, and is therefore not time barred.  Plaintiff's original claim sufficiently put defendants on

8  notice to prepare a fair defense on the merits of plaintiff's new "inclusive dates" theory.  This

9  determination is not inconsistent with the court's September 16, 2015 order, because the relation-

10  back doctrine requires a different analysis than that used to determine whether a PAGA claim has

11  been exhausted.  *See* ECF No. 91 at 9 (discussing exhaustion requirements of California Labor

12  Code section 2699.3(a)).

13  III.   CONCLUSION

14  For the foregoing reasons, the court makes the following orders:

15  1.   The court DENIES defendants' motion to dismiss plaintiff's claim that

16  defendants violated Labor Code section 226 by failing to include on wage

17  statements the inclusive dates of the one-week pay period.

18  2.   The court sets an initial status (scheduling) conference for July 21, 2016 at

19  2:30 p.m.  The parties shall provide all of the information required by the local

20  rules and this court's standing order in a joint statement filed at least seven (7)

21  days before the status conference.  In addition, plaintiff shall address whether the

22  court may dismiss the "Doe" defendants in its position of the parties' joint

23  statement.

24  IT IS SO ORDERED.

25  DATED:  June 20, 2016.

26

27  UNITED STATES DISTRICT JUDGE

28