UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. STODDART, et al., | No. 2:12-cv-01054-KJM-CKD |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| EXPRESS SERVICES, et al., | |
| Defendants, | |

Plaintiff brings this class action against his former employer for allegedly unlawful employment and payment practices. Plaintiff's motion to extend the discovery deadline an additional 90 days is before the court. Mot., ECF No. 128 (filed May 19, 2017). Defendants Express Services, Inc. and Phillips & Associates, Inc. oppose. Opp'n, ECF No. 131 (filed June 2, 2017).[1] Plaintiff has replied. Reply, ECF No. 135 (filed June 9, 2017). The court submitted the motion on the briefs. Minute Order, June 13, 2017, ECF No. 139; Local Rule 230(g). As discussed below, the court GRANTS plaintiff's motion.

/////

---

[1] Defendant Western Wine does not oppose the motion and has not submitted any briefing on the issue. *See* Request for Telephonic Appearance at 2, ECF No. 136.

1

I.      BACKGROUND

Defendant Express Services provides staffing, job placement, human resource, consulting, and related services to businesses worldwide. Second Am. Compl. ("SAC") ¶ 2, ECF No. 94 (filed Oct. 7, 2015). Defendant Phillips & Associates is a California corporation and franchisee of Express Services. *Id*. ¶ 3. Defendant Western Wine contracts with Express Employment Professionals for temporary service employees. *Id.* ¶ 4.

Plaintiff, who formerly worked for Express Services in Vallejo, California, now alleges Express Services systematically violated employment laws by not providing legally mandated off-duty meal periods or paying all wages owed to current and former employees. *Id*. ¶¶ 5, 10. In early 2012, plaintiff brought a putative class action against all three named defendants in state court for damages and injunctive relief. Compl., ECF No. 1-1 at 4. A month later, Express Services removed the case to this court. Removal, ECF No. 1.

After several dismissal motions and complaint amendments, the court issued the operative scheduling order on August 4, 2016, in which class certification discovery was to close on April 7, 2017. Scheduling Order, ECF No. 114. On March 9, 2017, the parties jointly requested an extension of class certification discovery for 120 days. ECF No. 122. The court granted the request, extending the deadline to August 7, 2017. Order, ECF No. 123. After the court granted this stipulated extension, the parties scheduled private mediation for September 27, 2017. Decl. of Janine Menhennet ("Menhennet Decl.") ¶ 10, ECF No. 128-2. In light of the upcoming mediation, plaintiff now seeks to extend the certification discovery deadline for another 90 days, to November 5, 2017. Mot. No trial has yet been scheduled. *See* Docket Notes, ECF No. 114 ("all further scheduling dates will be set after class certification has been determined"). . Defendants oppose, arguing plaintiff lacks good cause for another discovery extension.

II.     LEGAL STANDARD: AMENDING SCHEDULING ORDERS

The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate the more efficient disposition of cases by settlement or by trial. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992). A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly

2

1  disregarded by counsel without peril." *Id.* at 610 (citation and quotation marks omitted). Rather,
2  a scheduling order may be changed only with the court's consent and for "good cause." Fed. R.
3  Civ. P. 16(b)(4). But, the "good cause" standard requires less than the "manifest injustice" test
4  used to modify a final pretrial order. *See* Fed. R. Civ. P. 16(e). *See also* Fed. R. Civ. P. 16, 1983
5  Advisory Committee Notes ("Since the scheduling order is entered early in the litigation, this
6  standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test.").

7  When litigants move to alter the schedule, the court's inquiry focuses primarily on
8  the diligence of the moving party, *Johnson*, 975 F.2d at 609, and that party's reasons for seeking
9  modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.
10 2011). Essentially, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably
11 be met despite the diligence of the party seeking the extension' . . . [i]f that party was not diligent,
12 the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citation omitted). Ultimately, a
13 district court has "broad discretion" to alter the schedule. *United States v. Flynt*, 756 F.2d 1352,
14 1358 (9th Cir. 1985).

15 III.   DISCUSSION

16    A.   Plaintiff Has Shown Good Cause.

17 Plaintiff argues good cause exists to move the discovery cutoff date beyond August 7,
18 2017, because that date was set before the parties had agreed to a September 27, 2017 private
19 mediation date. Mot. at 2. Defendants argue plaintiff can easily complete certification discovery
20 by the current cutoff. Opp'n at 4. Specifically, defendants note "[p]laintiff has had the list of all
21 alleged [] putative class members since January 17, 2017, and has been actively calling, emailing,
22 and interviewing putative class members over the last several months[.]" *Id*. Defendants also
23 argue plaintiff's own lack of diligence caused the discovery delay and that a party's failure to
24 conduct discovery does not provide good cause to modify the discovery cut-off date. Opp'n at 1,
25 3-4 (citing *Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006)). The court is not
26 persuaded by defendants' arguments.

27 Defendants primarily rely on *Johnson* to argue plaintiff lacks good cause. Opp'n
28 at 3-4 (quoting *Johnson*, 975 F.2d at 609-10, for propositions that "[a] scheduling order is not a

frivolous piece of paper" and "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment") (internal quotation marks omitted). But in *Johnson* the court found the plaintiff lacked good cause for his schedule alteration request only after he was repeatedly told he had named the wrong defendant, yet waited until after summary judgment to request joinder of the correct defendant. *Johnson*, 975 F.2d at 609. In denying the request, the court clarified that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Where "carelessness . . . [and] prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* Here, defendants do not allege prejudice. Though defendants blame the delay on plaintiff's "lack of diligence," they produce no evidence to support that assertion. Rather, defendants appear to contradict themselves in saying plaintiff "actual[ly] stepped up his efforts to obtain discovery." Opp'n at 1.

Defendants also point to the D.C. Circuit case of *Hussain v. Nicholson*, in which the court found that the plaintiff lacked good cause for the extension request only after plaintiff "acknowledged 'some lack of diligence' on his part" and his request "came over three months after discovery closed and several weeks after the [defendant] hospital filed its motion for summary judgment." *Hussain*, 435 F. 3d at 363. Here plaintiff makes no similar acknowledgement of fault and defendants have not and cannot point to any crucial cutoff-date plaintiff's proposed 90-day extension would meaningfully alter. Indeed, the parties have no trial date, as trial will be scheduled only after class certification is decided, if it need be. Defendants' authority is inapposite.

This case is more like *Orozco v. Midland Credit Mgmt.*, 2013 WL 3941318, at *4 (E.D. Cal. July 29, 2013) in which a fellow court granted the proposed extension because plaintiff showed good faith and defendant's litigation practice was burdensome. As in *Orozco*, defendants' litigation tactics here appear partly to blame. Plaintiff contends, and defendants do not deny, that defendants' successive dismissal motions caused discovery delays, that defendants waited four years to turn over the class list and almost five years to produce a Rule 30(b)(6) witness, and that defendants rejected an agreement defense counsel made on their behalf in a

4

prior mediation. Mot. at 4-5. In connection with the mediation, defendants had requested that plaintiff desist from contacting class members to fully focus on mediation preparation. Mot. at 3; Reply at 1. And defendants further admit they only recently turned over voluminous documents for plaintiff's review in connection with the mediation. Opp'n at 1 ("[Defendants have] produced over 3370 documents and many thousands more under the mediation privilege.").

In sum, plaintiff has acted reasonably diligently throughout discovery, and defendants have not shown that plaintiff's request will cause prejudice or that defendants themselves were not complicit in the discovery delays to date. Accordingly, the court finds good cause to grant plaintiff's request.

B. Plaintiff Met the Court's Meet and Confer Requirement

Defendants also argue plaintiff's motion is procedurally improper because plaintiff did not "discuss thoroughly" the issues raised by his motion before filing it, and thus did not satisfy the court's meet and confer requirement. Opp'n at 3. Plaintiff's discovery extension request is simple, and both sides agree plaintiff called to discuss the request generally, and defendants rejected it out of hand. Opp'n at 5. Plaintiff has satisfied the meet and confer requirement.

IV. CONCLUSION

The court GRANTS plaintiff's motion. The class certification discovery cutoff is hereby extended for 90 days from August 7, 2017 to November 5, 2017.

IT IS SO ORDERED.

This order resolves ECF No. 128.

DATED: August 4, 2017.

UNITED STATES DISTRICT JUDGE