1  **GRAHAMHOLLIS APC**
Graham S.P. Hollis (SBN 120577)
2    ghollis@grahamhollis.com
3  3555 Fifth Avenue
San Diego, CA  92103
4  Telephone: (619) 692-0800 / Facsimile: (619) 692-0822

5  **COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
6    ikhoury@ckslaw.com
7  Michael D. Singer (SBN 115301)
   msinger@ckslaw.com
8  Diana M. Khoury (SBN 128643)
   dkhoury@ckslaw.com
9  605 C Street, Suite 200
San Diego, CA 92101
10  Telephone: (619) 595-3001 / Facsimile: (619) 595-3000

11
Attorneys for Plaintiff Michael Stoddart
12  and the Conditionally Certified Class

13  **UNITED STATES DISTRICT COURT**

14  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

15  MICHAEL H. STODDART individually and on
behalf of similarly situated and similarly
16  aggrieved current and former employees of
EXPRESS SERVICES, INC. d/b/a EXPRESS
17  EMPLOYMENT PROFESSIONALS,
PHILLIPS & ASSOCIATES, INC. d/b/a
18  EXPRESS EMPLOYMENT
PROFESSIONALS, WESTERN WINE
19  SERVICES, INC., and Does 1 through 100,
inclusive,
20
          Plaintiff,
21
       v.
22
EXPRESS SERVICES, INC. d/b/a EXPRESS
23  EMPLOYMENT PROFESSIONALS,
PHILLIPS & ASSOCIATES, INC. d/b/a
24  EXPRESS EMPLOYMENT
PROFESSIONALS, WESTERN WINE
25  SERVICES, INC., and Does 1 through 100,
inclusive,
26
          Defendants.
27
28

Case No.:   2:12-cv-01054-KJM-CKD

**CLASS ACTION**

**DECLARATION OF ISAM C. KHOURY IN
SUPPORT OF PLAINTIFF'S MOTION FOR
ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND
ENTERING JUDGMENT**

Date:         May 7, 2021
Time:         10:00 a.m.
Courtroom:    3 (15th Floor)
Judge:        Hon. Kimberly J. Mueller

Action Filed:   March 13, 2012
Case Removed:   April 20, 2012
Trial Date:     None set

I, Isam C. Khoury, declare as follows:

1.      I am a Partner with the law firm of Cohelan Khoury & Singer, co-counsel of record for Plaintiff and the Settlement Class. I submit this Declaration in Support of Plaintiff's Motion for Order Granting Final Approval of Class Action Settlement. The following facts are within my personal knowledge and if called to testify I could and would competently testify to them.

2.      I am a 1973 Hastings School of Law graduate and was admitted to the California State Bar in 1974 and am admitted to practice in all state courts in California and in the all federal courts in California, as well as the First Circuit Court of the State of Hawaii and the United States Court of Appeals for Sixth Circuit.

3.      In 1981, Timothy D. Cohelan and I formed Cohelan & Khoury, a Partnership of Professional Law Corporations, in 1981 and within a few years began to focus on class actions. Cohelan & Khoury became Cohelan Khoury & Singer in 2009. Our firm represents plaintiffs in class and representative action litigation, including wage and hour, labor and employment, antitrust, consumer protection, construction defect and other public interest class and representative actions.

4.      I, along with Partner Diana M. Khoury have been selected by our peers based on ethics, experience and reputation as Super Lawyers in Civil Litigation by the Southern California Super Lawyers Magazine for the years 2012 through the present. Michael D. Singer, Managing Partner, was named to the Daily Journal 2012, 2013, and 2018 list of Top California Labor and Employment Attorneys and selected to the Southern California Super Lawyers in 2010, 2012-2019. Mr. Singer was admitted as a fellow to the College of Labor and Employment Attorneys in 2020. I am AV – Preeminent rated by Martindale-Hubbell, as are many attorneys in our firm.

5.      Cohelan Khoury & Singer has been certified by the State Bar of California to provide the Mandatory Continuing Legal Education activity entitled "Litigating California Class Actions" and has conducted MCLE certified seminars on this topic. Senior Partner, Timothy D. Cohelan, is the author of Cohelan on California Class Actions (1997-2021, updated annually), part of Thomson Reuters Expert Series. Managing Partner, Michael D. Singer, is a contributing author on the CEB publication California Wage and Hour Law: Compliance and Litigation (2010-2021, updated annually), in which he wrote the opening chapter overview on California Wage and Hour laws, including the public policy underpinnings

for those laws, and the PAGA Claim chapter. Mr. Singer has served as a columnist for the California State Bar Litigation Section on wage and hour litigation and contributed articles on wage and hour and class action issues through the years to numerous California publications. Mr. Singer typically lectures several times per year for continuing education courses on wage and hour and class action issues in San Diego, Orange County, Los Angeles, and San Francisco. Mr. Singer regularly contributes amicus curiae briefs on class action and employment issues in the California Supreme Court and Courts of Appeal. In his capacity as Amicus liaison for California Employment Lawyers Association, he coordinated, drafted or co-drafted amicus letters and briefs on a wide range of labor law issues in the rapidly developing decisional law, supporting Review in the Supreme Court, and publication or depublication of Court of Appeal decisions. He has practiced labor and employment law since 2000, handling well over 200 wage and hour class actions and several individual labor cases, including complex ERISA employee benefit plan cases, before Federal and State Courts in California. In 2014, Mr. Singer and J. Jason Hill tried a wage and hour class action involving claims for illegally deducted wages and unreimbursed expenses in the matter of *Dilts v Penske Logistics LLC, Inc*. We successfully appealed the trial court ruling in *Dilts* finding state laws preempted by the FAAAA for truck drivers.

6.    Mr. Singer has participated in over 50 appellate cases and argued writs and appeals before several California District Courts of Appeal, arguing for plaintiffs on rehearing in *Brinker International Inc. v. Superior Court* before the Fourth District Court of Appeal, as well as federal appeals in the Second, Third, and Ninth Circuit Courts of Appeals. In addition, Mr. Singer has drafted numerous appellate briefs as the appellant, respondent, or amicus curiae in employment class and individual actions. As co-Class Counsel in *Brinker Restaurant Corp. v. Superior Court* [formerly reported at (2008)165 Cal.App.4th 25], Mr. Singer argued before the Fourth District Court of Appeal in May 2008 on transfer from the California Supreme Court, and co-authored the successful Petition for Review. My firm has successfully tried class cases, obtained appellate reversals of class certification denials *(Hicks v. Kaufman and Broad,* (2001) 89 Cal.App.4th 908), and certified multiple wage and hour classes.

7.    As a part of our overall firm philosophy lawyers perform community service and pro bono work. Firm volunteer work includes service through the Legal Aid at Work, San Diego Volunteer Lawyer Program, the San Diego County Bar Foundation and Consumer Attorneys of San Diego. Partner Jeff

Geraci is past recipient of the Wiley W. Manuel Award for Pro Bon Service. Mr. Singer has served on the Legal Aid at Work Board of Directors since 2010. Mr. Cohelan served as the Chair of the San Diego Volunteer Lawyers Program from 2015-2018, and currently sits on the Board as past Chair. He completed 24 years of volunteer judicial service as a Judge Pro Tem of the San Diego County Superior Court. Since admission to the California Bar. Partner Diana M. Khoury has been a member of the San Diego County Bar Association, Consumer Attorneys of San Diego, Consumer Attorneys of California, and American Association for Justice serving and chairing various committees throughout the years for these organizations. For six years from 2010 through 2015, Ms. Khoury served on the Board of Directors for Consumer Attorneys of San Diego. Since 2013, Ms. Khoury actively serves on the Board of Directors for the San Diego County Bar Foundation, the 501(c)(3) charitable arm of the San Diego County Bar Association providing access to justice to the underserved and impoverished in the San Diego County region. Associate Kristina De La Rosa has volunteered for the California Rule Legal Assistance, Inc. Our firm's recent pro bono victories include a settlement which prohibits the City of San Diego from targeting homeless people for illegal lodging tickets under Penal Code Section 467(j). (*Spencer v. City of San Diego*, USDC Case No 04CV-2314 BEN (WMC).) The *Spencer* settlement had the effect of increasing the number of available shelter beds in San Diego.

8.      Cohelan Khoury & Singer has been certified Class Counsel in the following contested proceedings: *Aguilar v. Atlantic Richfield, et al.,* San Diego Superior Court Case No. 00700810; *Andino v. Kaiser Foundation Hospitals*, Alameda Superior Court Case No. RG11580548; *Arellano, et al. v. Container Connection of Southern California, Inc.*, Los Angeles Superior Court Case No. BC500675; *BANK OF AMERICA WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION*, United States District Court, District of Kansas MDL Case No. 2138 (FLSA Condition Certification); *Czuchaj v. Conair Corporation*, United States District Court, Southern District of California Case No. 13CV1901; *Dilts, et al. v. Penske Logistics, L.L.C., et al.,* United States District Court, Southern District of California Case No. 08CV0318; *Englert, et al. v. AT&T Wireless Services, Inc., et al.,* Circuit Court of the Second Circuit, State of Hawaii Case No. 02-1-0074; *Evans v. Washington Mutual Bank,* Orange County Superior Court Case No. 02CC15415; *Filion v. Ethan Allen Retail Inc.,* United States District Court, Southern District of California Case No. 05CV2340; *Gerard v. Les Schwab Tire Centers of California,*

*Inc.,* Sacramento Superior Court Case No. 2007-30000003; *Grana, et al. v. PICO Enterprises, Inc. dba Phyle Inventory Control Specialist and PICS* L.A.S.C. Case No. BC472891; *Gutierrez v. Save Mart Supermarkets* San Mateo Superior Case No. CIV530955; *Wilcox v Albertsons,* San Diego Superior Court Case No. GIC833922; *Gonzalez, et al. v. Freedom Communications, Inc. d/b/a The Orange County Register,* Orange County Superior Court Case No. 03CC08756; *Graham, et al. v. Overland Solutions, Inc.,* United States District Court, Southern District of California Case No. 10CV0672 (FLSA Conditional Certification); *Hicks v. Kaufman and Broad Home Corp.,* Los Angeles Superior Court Case No. B198414; *Hohnbaum, et al. v. Brinker Restaurant Corporation, et al.,* San Diego Superior Court Case No. GIC834348; *KEMP, et al. v. CSEA, et al.,* Circuit Court of the First Circuit, State of Hawaii Case No. 98-3815-08; *LIBERTY MUTUAL OVERTIME CASES*, Los Angeles Superior Court Case No. JCCP 4234; *Mitchell, et al. v. Acosta, Inc., dba Acosta Sales and Marketing Company,* United States District Court, Central District of California Case No.11CV07196 (FLSA Conditional Certification); *Santana v. Rady Children's Hospital-San Diego*, San Diego Superior Court Case No. 37-2014-00022411; *Schaffer v. Rady Children's Hospital-San Diego*, San Diego Superior Court Case No. 337-2015-00022978; *Schneider, et al. v. Catholic Healthcare West*, San Francisco Superior Court Case No. CGC-10-506243; *Salucci v. Amada Senior Care, Inc.*, Orange County Superior Court Case No. 37-2015-00778081; *Smith v. California Pizza Kitchen,* San Diego Superior Court Case No. 37-2008-00083992; STEROID HORMONE PRODUCT CASES, Los Angeles Superior Court Case No. JCCP 4363; *Stevenson Aibangbee v. Victoria Apartments, et al.,* Los Angeles County Superior Court Case No. BC299498; *Swift v. Liebert Corp.,* Orange County Superior Court Case No. 00CC04588; *Sylvia, et al. v. Wells Fargo Home Mortgage, Inc.,* Orange County Superior Co Case No. 03CC05747; *Vaquero v. Ashley Furniture Industries, Inc., et al.,* United States District Court, Central District of California Case No. 12CV8590; *Vaquero v. Stoneledge Furniture LLC*, Los Angeles Superior Court Case No. BC522676; *Vazquez v. Kraft Heinz Foods Company*, Unites States District Court, Southern District of California Case No. 16-CV-02749; *Watson v. Raytheon Company,* United States District Court, Southern District of California Case No. 1OCV0634; and *Weigele v. FedEx Ground Package System, Inc.,* United States District Court, Southern District of California Case No. 06CV1330, among others, as well as being appointed Class Counsel in connection with well over 200 class action settlements.

9.     As Class and PAGA Representative Counsel, Cohelan Khoury & Singer has actively commenced, prosecuted and concluded numerous state and federal class and representative actions. Since 2016, Cohelan Khoury & Singer has played a central role in the resolution of over 200 such cases, including the following, which have received court approval: (a) *Arellano, et al. v. Container Connection of Southern California, Inc.*, Los Angeles Superior Court, Case No. BC500675, Hon. Anne I. Jones; (b) *Castro v. Home Depot U.S.A., Inc.*, Los Angeles County Superior Court, Case No. BC577885, Hon. Elihu M. Berle; (c) *Czuchaj v. Conair Corporation*, United States District Court, Southern District of California, Case No. 13-CV-1901 BEN, Hon. Roger T. Benitez; (d) *Gardiner v. TSYS*, United States District Court, Central District of California, Case No. 18-cv-00415, Hon. David O. Carter; (e) *Grana v. PICO Enterprises, Inc.*, Los Angeles County Superior Court, Case No. BC472891, Hon. Stephanie M. Bowick; (f) *Gutierrez v. Save Mart Supermarkets*, San Mateo County Superior Court, Case No. CIV530955, Hon. Marie S. Weiner; (g) *Hernandez v. Workforce Enterprises WFE, Inc.*, Los Angeles County Superior Court Case No. BC590913, Hon. Elihu M. Berle; (h) *Hicks v. Poway Academy of Hair Design, Inc.*, San Diego County Superior Court, Case No. 2014-00026517, Hon. Ronald L. Styn; (i) *Hubbard v. Caliber Home Loans, Inc.,* Orange County Superior Court, Case No. 2018-01017838; (j) *Klein v. Loomis Armored US, LLC*, San Bernardino County Superior Court, Case No. CIVDS1704547, Hon. David Cohn; (k) *Laureano v. The Art of Shaving*, Los Angeles Superior Court, Case No. BC550093, Hon. Amy D. Hogue; (l) *Lopez, et al. v. Management & Training Corporation, et al.*, United States District Court, Southern District of California, Case No. 17-CV-010624 JM, Hon. Jeffrey T. Miller; (m) *Magdaleno v. Shelly Automotive, LLC*, Orange County Superior Court Case No. 2013-0043958, Hon. Kim. G. Dunning; (n) *McGrath, et al. v. Wyndham Resort Development Corporation, et al.*, United States District Court, Southern District of California, Case. No. 15-CV-1631 JM, Hon. Jeffrey T. Miller; (o) *Mena v. Wolfgang Puck Catering*, Los Angeles County Superior Court Case No. BC582743, Hon. John Shepard Wiley, Jr.; (p) *Morales v. The Los Angeles Country Club*, Los Angeles Superior Court, Case No. BC566493, Hon. William F. Highberger; (q) *Nijmeh v. Bon Appetit Management Company, Inc.*, Santa Clara County Superior Court, Case No. 16CV294127, Hon. Thomas E. Kuhnle; (r) *Plascencia v. Aramark Services, Inc.*, Santa Clara County Superior Court, Case No. 2015-1-CV-288310, Hon. Brian C. Walsh; (s) *Plimpton v. Gordon Trucking, Inc.*, San Bernardino County Superior Court, Case No. CIV-

DS-1511918, Hon. Donald Alvarez; (t) *Raya v. Amazon*, USDC, Northern District of California, Case No. 15-CV-02005 MMC, Hon. Maxine M. Chesney; (u) *Rivas v. ESA Management*, USDC, Central District of California, Case No. 14-CV-5767, Hon. Dale S. Fischer; (v) *Rodriguez v Healthcare Partner Medical Group, Inc.*, Los Angeles Superior Court, Case No. BC541313, Hon. Kenneth Freeman; (w) *Ryan v. Dignity Health*, Sacramento County Superior Court Case No. 2013-00147371, Honorable Alan G. Perkins; (x) *Santana v. Rady Children's Hospital-San Diego*, San Diego Superior Court Case No. 37-2014-00022411, Hon. Joel R. Wohlfeil; (y) *Schaffer v. Rady Children's Hospital-San Diego*, San Diego Superior Court Case No. 337-2015-00022978; Hon. Joel R. Wohlfeil; (z) *Schneider v. Catholic Healthcare West*, San Francisco Superior Court, Case No. CGC-10-506243, Hon. Angela Bradstreet; (aa) *Schwartz v Bank of the West*, San Francisco Superior Court, Case No. CGC-14-538955, Hon. Harold E. Kahn; (bb) *Syed v. M.I. Swaco*, USDC, Eastern District of California, Case No. 12-CV-01718 DAD, Hon. Dale A. Drozd; (cc) *Vaquero, et al. v. Stoneledge Furniture, LLC*, Los Angeles Superior Court Case No. BC522676, Hon. Elihu M. Berle; (dd) *Vazquez v. Kraft Heinz Foods Company*, USDC, Southern District of California Case No. 16-CV-02749, Hon. William Q. Hayes; (ee) *Walsh v. Cedars-Sinai Medical Center*, Los Angeles County Superior Court Case No. BC487290, Hon. William F. Highberger; among others.

10.     We consider ourselves experienced and qualified to evaluate class claims and viability of the defenses. That experience and those qualifications allowed our firm to assist in achieving an efficient resolution of the claims in this matter.

11.     Plaintiff seeks final approval of a $10,000,000 non-reversionary class action settlement, ("Gross Settlement Amount" or "GSA") which will, subject to the Court's final ruling, disburse an estimated $7,032,061 to 145,548 non-exempt employees employed by Defendant Express Services, Inc., ("Express") in California at any time from March 23, 2008 through December 31, 2017.

12.     Class Member support for the Settlement has been overwhelmingly favorable.  In response to the Notice of Class Action Settlement, the administrator received only four objections representing .0027% of the Class, and 517 requests for exclusion representing .35% (less than one percent) of the Class.

13.     Once the Settlement is finally approved and becomes effective, 145,458 individuals

representing 99.6% of the Class will receive payments averaging $48.34, and highest payments of $1,388.77.

14.     Plaintiff was employed as a non-exempt temporary employee through Defendant Phillips & Associates, Inc., a temporary staffing provider and franchisee of Defendant Express. He was assigned to work at Western Wine Services, Inc.'s location in Vallejo, California, from April 2007 through May 2011.

15.     Express Services, Inc. is one of the nation's largest staffing services franchisors with more than 600 franchise locations nationwide. Express is listed as the Labor Code § 226(a) employer on Plaintiff's and the Class' wage statements and W2 forms.

16.     Phillips is an Express franchisee. As a franchisee, Phillips recruits, hires and assigns Express associates to work at client sites, such as Western Wine Services Inc. ("Western Wine"). The Phillips office is where Plaintiff and other Express associates who were hired through that franchisee, would interview, obtain employment materials, submit time sheets, and pick up paychecks.

17.     Western Wine is a wine logistics business near Napa, California, providing services related to the transport of wine. Western Wine had its own W-2 employees in addition to those assigned temporarily through Express/Phillips. Western Wine and its direct W-2 employees are not included in this settlement.

18.     The Class is defined as: All current and former employees of Defendants who worked assignments during the period March 23, 2008 through December 31, 2017. ECF 178-2, SA §I. 7.  There are 145,458 Participating Class Members.   Express pays and provides Class Members with wage statements on a weekly basis.

19.     Plaintiff's claims are primarily non-compliant meal period policies, failure to pay overtime at the correct rate, and during a portion of the time period, non-compliant wage statements under Labor Code § 226 for failure to provide the inclusive dates of the pay period.

20.     Plaintiff's meal period claims are three-fold: 1) some Express employees were subject to an on-duty meal period agreement with Western Wine during their assignments, that agreement and the nature of the work did not meet the conditions for provision of an on-duty meal period; 2) prior to September 2012, Express employees were working without a written meal period policy published by

Express; and 3) for those employees working after September, 2012, Express did not enforce its new meal period policy, resulting in *de facto* noncompliant meal periods and non-payment of premium wages.

21.     While working for Defendants at the Western Wine placement, Plaintiff was required to sign an on-duty meal period agreement (ODMPA) and required to remain at the worksite location during meal breaks purportedly to reduce theft of Western Wine's product. Plaintiff contends that the ODMPA was invalid because the nature of the job did not prevent him and other non-exempt employees from being relieved of all duties during meal periods, notwithstanding Western Wine's purported theft reduction and safety rationales. On August 21, 2011, shortly after the PAGA Notice was served on July 20, 2011, Western Wine discontinued use of its allegedly unlawful ODMPA, and ended its on-duty meal period policy.

22.     Plaintiff alleged that prior to September 2012, Express had no meal period policy whatsoever, but directed its employees called "associates" to comply with the meal period policies of the client company to which the associate was assigned. Plaintiff also contends that Defendants did not provide second meal periods on eligible workdays.

23.     Plaintiff contends Defendants' policies and practices violate the employer's duty to have a lawful meal period policy which complies with the applicable Wage Orders and to provide employees with legally complaint meal periods pursuant to California law. On September 18, 2012, six months after the complaint was filed, Express published and promulgated a facially compliant meal period policy.

24.     Plaintiff's extensive investigation, however, suggests Express did not enforce its written meal period policy and did not pay meal period premiums on workdays when employees were unable to take compliant meal periods.

25.     Plaintiff also alleged Express failed to pay him and other non-exempt employees accurate overtime wages using the correct regular rate because Express failed to include non-discretionary bonuses into the employees' regular rate(s) for purposes of calculating the accurate overtime rate(s).

26.     Lastly, Plaintiff alleged Express violated Labor Code section 226(a)(6) by failing to include the inclusive dates of the pay period on wage statements issued to California employees, for a portion of the Class Period. In response to this litigation, Express updated its hard copy wage statements to add the start date of the one-week pay period. Express contends its wage statements were at all times

- 8 -

Declaration of Isam C. Khoury ISO Motion for Order Granting Final Approval of
Class Action Settlement and Entering Judgment – Case No. 2:12-CV-01054-KJM-CKD

1  in compliance with Labor Code §226.

2      27.    On July 20, 2011, asserting that Express Services, Inc. and Western Wine were joint

3  employers, Plaintiff notified the California Labor and Workforce Development Agency (LWDA), of their

4  alleged Labor Code violations regarding meal period violations, failure to pay wages and overtime,

5  inaccurate wage statements and failure to pay all wages due at separation of employment due to failure

6  to pay meal period premiums and overtime.

7      28.    On August 21, 2011, Western Wine contends it revised its on-duty meal period policy and

8  discontinued its use of on-duty meal period agreements. On February 3, 2012, Plaintiff filed a revised

9  letter with the LWDA, adding Phillips & Associates, Inc. as another alleged joint employer. The LWDA

10  declined to investigate the allegations made in either letter.

11      29.    On March 13, 2012, Plaintiff filed the instant action, asserting the following wage and

12  hour violations as a putative class action: (1) failure to provide mandated meal periods; (2) failure to

13  timely pay all wages upon termination; (3) failure to provide accurate itemized wage statements; (4)

14  failure to maintain accurate records; (5) violation of Business and Professions Code §§17200, *et seq.*;

15  and (6) for penalties pursuant to PAGA. Express answered the complaint, and then removed the action

16  pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), on April 20, 2012.

17      30.    On September 18, 2012, Express published and disseminated a facially compliant meal

18  period policy to its employees, however, Express contends its policies and practices before this time were

19  lawful. The Parties engaged in informal discovery and agreed to mediate this case with David Rotman,

20  an experienced and respected wage and hour mediator, in March 2014. The Parties reached an agreement

21  at mediation and signed an MOU, conditioned upon approval by Express Services, Inc.'s Board of

22  Directors. The Court was notified of the pending Settlement, and a date was set to file a motion for

23  preliminary approval.

24      31.    In August 2014, Express' Board rejected the settlement, and litigation continued. Plaintiff

25  sought and was granted leave to file a First Amended Complaint (FAC) adding claims for improper

26  calculation of the overtime rate related to non-discretionary bonuses, and language clarifying the

27  employer/employee relationship among the Defendants, as well as revised the non-compliant meal period

28  allegations to specifically include on-duty meal periods and second meal periods, together with all related

- 9 -

Declaration of Isam C. Khoury ISO Motion for Order Granting Final Approval of
Class Action Settlement and Entering Judgment – Case No. 2:12-CV-01054-KJM-CKD

1  derivative claims.

2        32.    Express moved to dismiss and strike portions of the FAC. On September 16, 2015, the

3  Court granted Express' motion to dismiss new PAGA allegations on the ground that Plaintiff failed to

4  exhaust the notice requirements with respect to Plaintiff's newly alleged inclusive dates claim under

5  Labor Code § 226, and the second meal period claim, and calculation of correct overtime rate. The Court

6  also struck Plaintiff's request for injunctive relief and denied the remaining requests for relief. ECF 91.

7        33.    Pursuant to the Court's Order, on October 7, 2015 Plaintiff filed his Second Amended

8  Complaint (SAC). ECF 94. Express moved to dismiss certain claims on the grounds the PAGA

9  allegations were dismissed by the Court's September 16, 2015 Order. Plaintiff's opposition pointed out

10  that the Court's earlier ruling did not dismiss the stand-alone claim for failure to include inclusive dates,

11  but rather only the PAGA allegations for failure to properly notify the LWDA and the employer(s) of the

12  alleged Labor Code violations, and the inclusive-dates claim related back to the date of the original

13  complaint were dismissed. On June 21, 2016, the Court denied Express' motion to dismiss in its entirety,

14  preserving the Labor Code § 226 inclusive dates claim. ECF 109. Express answered the SAC.

15        34.    Discovery has been extensive and well-developed. Informal discovery, data and

16  documents produced for the first mediation numbered in the tens of thousands of pages. Although the

17  data was not formally produced and was protected by the mediation privilege, it allowed Plaintiff to

18  gather information to substantiate and analyze his claims and calculate class-wide damages for purposes

19  of mediation.

20        35.    Plaintiff propounded class-wide discovery concerning all of Express' current and former

21  California employees soon after notification of Express' Board's rejection of the proposed Settlement. In

22  response, Express refused to provide any discovery beyond Plaintiff's employment location at Western

23  Wine. Plaintiff then filed a motion to clarify the scope of discovery; however, this motion was mooted

24  while Express' motion to dismiss was being briefed and under consideration. After the FAC was mooted

25  with the filing of the SAC, Express' second motion to dismiss claims held further discovery in abeyance

26  while that motion was under consideration. After that motion was determined in June, 2016, the Parties

27  began discovery after the July, 2016 status conference. The same issues regarding the scope of discovery

28  that Plaintiff was entitled from Express arose again. The Parties met and conferred, and filed a motion to

have Magistrate Delaney resolve the dispute. In December, 2016, Magistrate Delaney ruled Plaintiff was entitled to Express' handbooks and wage statements covering all California locations, as well as the Class List of all current for former California Express employees.  That Class List, containing over 100,000 names, was delivered in January, 2017.

36.     Soon after receipt, Plaintiff contacted thousands of Class Members who were assigned through Express to various employers throughout California in preparation for Plaintiff's class certification motion.

37.     From March, 2017 through to shortly before the second mediation on September 27, 2017, Plaintiff's Counsel reached out to thousands of Class Members to obtain anecdotal information about their experiences with off duty meal breaks, overtime, wage statements, etc. Class Counsel ultimately interviewed and surveyed over 1,000 putative Class Members to demonstrate commonality existed across the various work environments for purposes of class certification. This effort was monumental involving the dedicated staff and attorneys of two law firms.  See also, Mr. Hollis' declaration which discuss these contacts by he and members of his firm.

38.     While Plaintiff prepared his motion for class certification, discovery continued through the date of the second mediation.  Plaintiff was deposed twice, and three Rule 30(b)(6) depositions were taken while preparing for class certification, and over 1,000 class members were surveyed and interviewed. Discovery was essentially complete by the time the case was mediated this second time

39.     The Parties requested a continuance of the certification proceedings to allow time to prepare for and attend mediation, which the Court granted.

40.     On September 27, 2017, the Parties attended the second mediation with Jeffrey A. Ross, an experienced and well-regarded wage and hour class action mediator, facilitating the negotiations. By the end of the day, the Parties had reached agreement of the principal terms of the Settlement.

41.     In preparation for this mediation the Parties agreed on a randomly selected representative sample of class member time and payroll records to be produced by Express. This pre- mediation production was in addition to the thousands of pages of records and data produced in advance of the first mediation and through discovery. At that time, Express had over 3,000 client placement locations in California. For mediation, Express produced time and payroll records for one-third of its client locations

for one-quarter of each of the years at issue in the class period. In total, Express produced tens of thousands of documents and data comprising time cards, wage statements, and employment policies to allow Plaintiff to prepare for mediation and to estimate class-wide damages with respect to meal period violations and the rate at which they occurred. According to the data produced by Express for the first mediation, there were approximately 62,000 current and former employees in California during the period from March 13, 2008 through September 18, 2012 (date Express implemented its written meal period policy).

42.     By the time of this second mediation, formal discovery was largely completed. Plaintiff had obtained the class contact list and conducted over 1,000 interviews of putative class members placed at various Express client locations throughout California. While Express and Phillips attended the second mediation Western Wine did not. Western Wine asserted it believed its liability in this lawsuit was limited, in part, due to the extensive use (hundreds) of settlement agreements similar to those approved in *Chindarah v. Pick Up Stix, Inc.,* 171 Cal.App.4th 796 (2009), with its direct employees. Only with Mr. Ross' assistance, after a contentious, arm's-length process, Express, Phillips, and Plaintiff were able to reach agreement upon the principle terms of the proposed Settlement.

43.     The Parties agreed the Action may be settled for the Gross Settlement Amount of $10,000,000 ("GSA"), no part of which may revert to Defendants under any circumstances. The GSA includes, subject to the Court's approval: (a) attorneys' fees of $2,500,000 (25% of the GSA) to compensate Class Counsel for work performed for nearly 10 years, and remaining to be performed to secure final Court approval;  and litigation expenses of $55,372.91; (c) a Class Representative Service Payment to Plaintiff Michael Stoddart of $10,000; (d) Administration expenses to Rust Consulting, Inc., of $365,066 and (e) the PAGA Payment to the Labor Workforce and Development Agency (LWDA) of $37,500 (75% of the $50,000 PAGA Payment). In addition to the GSA, Express will bear the employer's share of FICA, FUTA and SDI contributions on the portion of the settlement payments attributed to wages. ECF 178-2, SA § I at ¶¶ 3, 6, 19, 21, and 30.

44.     After all Court-approved deductions from the GSA, the remaining Net Settlement Fund (NSF) estimated at $7,032,061.09 will be distributed entirely on a proportionate basis to all Class Members that did not opt out of the Settlement. Participating Class Members will receive a share of the

- 12 -

Declaration of Isam C. Khoury ISO Motion for Order Granting Final Approval of
Class Action Settlement and Entering Judgment – Case No. 2:12-CV-01054-KJM-CKD

1    NSF based on the number of weeks they worked at any time during the period from March 23, 2008

2    through December 31, 2017 ("Class Period").

3           45.     The GSA represents 42.9% of the estimated $23,273,150 maximum realistic exposure on

4    the four Labor Code claims alleged in the Action.  ECF 178-1, pgs. 21:2 – 24:15.

5           46.     The NSF will be allocated among the Class (as defined in SA§ I at ¶ 7), the PAGA Group

6    (as defined in SA § I at ¶ 8), and the Wage Statement Subclass (as defined in SA§ I at ¶ 9). SA § III at ¶

7    12(a)-(d). *Id*. Participating Class Members will receive an average payment of $48.34 and highest

8    payments of $1,388.77. Participating Class Members will release the wage and hour claims alleged in

9    the litigation, (the "Released Claims"). ECF 178-2, SA ¶ 35.

10          47.     On December 19, 2019, Plaintiff filed his Preliminary Approval Motion. ECF 178. On

11   February 7, 2020, the Parties appeared before the Court on this Motion. Following oral argument, the

12   Court requested supplemental information be provided regarding the issue of commonality, as identified

13   on the record [ECF 184] in support of the Motion. On February 14, 2020, the supplemental brief was

14   filed.  ECF 185.

15          48.     On October 7, 2020 the Court entered its Order Granting Preliminary Approval of the

16   Class Action Settlement, finding that for settlement purposes only, the Class, conditionally certified as

17   "all current and former employees of Defendants who worked assignments during the period from March

18   23, 2008 through December 31, 2017" met the requirements of Rules 23(a) and (b)(3) of the Federal

19   Rules of Civil Procedure. ECF 187. The Court additionally appointed Plaintiff as the Class

20   Representative, Rust Consulting, Inc., as the Administrator, and Cohelan Khoury & Singer and the Law

21   Office of GrahamHollis as Class Counsel. With respect to the Notice of Class Action Settlement (Notice),

22   pending an edit to clarify that Class Members may appear at the Final Approval Hearing without an

23   attorney, it too was approved.

24          49.     The revised Notice was submitted to the Court.  ECF 188.  On December 4, 2020, the

25   Court issued its Minute Order approving the Notice and ordering the Action to proceed on the schedule

26   provided in the Court's Order granting preliminary approval (ECF 187, pp 26-30).  ECF 190.

27          50.     On January 8, 2021, following efforts to update stale addresses, the Administrator mailed

28   the Notice of Class Action Settlement (Notice), Request for Exclusion form, Change of Address form

- 13 -

Declaration of Isam C. Khoury ISO Motion for Order Granting Final Approval of
Class Action Settlement and Entering Judgment – Case No. 2:12-CV-01054-KJM-CKD

and pre-printed return envelope (Notice Packet) to 145,975 Class Members. Rust Decl. ¶¶10, 11, Exh. B. The Notice included reference to a dedicated website, www.ExpressServicesClassActionSettlement.com which hosted the documents provided in the Notice Packet, other relevant documents such as the settlement agreement, and important information such as the deadline to return an objection, dispute, or a request for exclusion, and the final approval hearing date. Rust Decl. ¶ 7., Exh. A.  The Class' response to the Settlement has been quite favorable with the return of only four (4) objections, representing .35% (less than one percent) of the Class, and 517 requests for exclusion, representing an even smaller percentage of .0027% of the Class.

51.     The small fraction of the Class submitting objections and a 99.6% participation rate support a strong presumption the Settlement is fair, adequate and reasonable.

52.     The objections should be overruled as none overcome the presumption the Settlement is fair, reasonable, adequate. With the small fraction of the Class submitting objections (.0027%), and a with a 99.6% participation rate, Class Counsel remains convinced the Settlement is in the Class' best interest based on a detailed knowledge of the issues presented in the Actions and the negotiations. The length and risks of trial and the perils of litigation that affect the value of the claims were all carefully weighed. The affirmative defenses asserted by Defendants, the uncertainty of obtaining or maintaining Rule 23 certification, the prospect of a potential adverse summary judgment ruling, the difficulties of complex litigation, and the lengthy process of establishing damages and various possible delays and appeals, were also carefully considered by Class Counsel in arriving at the proposed Settlement.

53.     With respect to the PAGA settlement/allocation, the LWDA was served with the Preliminary Approval Motion, and with Plaintiff's Motion for Attorney Fees, Costs, and Service Payments both of which attached the Settlement Agreement stating the amount of the proposed PAGA Payment.  The LWDA has not objected to the PAGA allocation. Attached as **Exhibit 1** are true and correct copies of the LWDA Confirmation of Receipt of the Preliminary Approval Motion (December 19, 2019) and Fees Motion (ECF 192-6, February 8, 2021).

54.     The PAGA penalties were estimated at a maximum of $15,961,896 for each of the underlying violations. This estimate recognizes unpaid wages cannot be recovered as a PAGA penalty. It also accounts for Defendants' argument it received no formal notice of an initial violation and does not

1 use the subsequent violation rate.

2       55.    Maximum exposure was highly discounted for several reasons. Shortly after being served

3 with Plaintiff's PAGA notice to the LWDA, Express changed its meal period policy, bonus payments,

4 and format of the itemized wage statements during the Class Period. Further, Class Members worked

5 over 2.5 million workweeks but not each workweek would be entitled to a PAGA penalty based on the

6 change in Defendants' employment practices. The value of PAGA penalties must also be reduced based

7 on the risk of failing to prove the underlying violations claims alleged in the litigation.

8       56.    A further discount was applied for the risk that should the Court deny Class certification

9 due to manageability concerns, the Court could also find the PAGA claims unmanageable. *Ortiz v. CVS*

10 *Caremark Corp*., 2014 US Dist Lexis 36833, *11 (ND Cal, Mar. 19, 2014, No. C-12-05859 EDL); *Litty*

11 *v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 160448, *2 (C.D. Cal. Nov. 10, 2014)

12       57.    The largest reduction is based on the authority of a court to reduce penalties almost

13 completely, as long as not to "zero." As a result of all the inherent risks involved, Plaintiff discounted the

14 value of the PAGA penalties for settlement purposes.

15       58.    The $50,000 amount allocated for PAGA penalties, representing .5% of the Settlement,

16 comports with settlement approval of PAGA awards in other hybrid cases, or higher than other

17 settlements. *See, e.g., Garcia v. Gordon Trucking, Inc*., 2012 U.S. Dist. LEXIS 160052 (E.D. Cal. Oct.

18 31, 2012) (**.2%,** $10,000 for PAGA penalties in $3,700,000 settlement); *Chu v. Wells Fargo Invs., LLC*,

19 2011 U.S. Dist. LEXIS 15821, Feb. 16, 2011) (**.1%,** $10,000 for PAGA in $6,900,000 settlement); (**1.1**%,

20 $10,000, for PAGA penalties in settlement of $900,000), report and recommendation adopted, 2015 U.S.

21 Dist. LEXIS 25730 (E.D. Cal. Mar. 3, 2015); *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1330 (N.D.

22 Cal. 2014) (**.8%,** $10,000 for PAGA penalties in $1,250,000 settlement); *Franco v. Ruiz Food Prods*.,

23 2012 U.S. Dist. LEXIS 169057, (E.D. Cal. Nov. 27, 2012) (**.4%,** $10,000 for PAGA penalties in

24 settlement of $2,500,000); *Figueroa v. Conner Logistics* (E.D.Cal. Jan. 19, 2021, No. 1:19-cv-01004-)

25 2021 U.S.Dist.LEXIS 9866, (**.12**%, $2,050 for PAGA in $205,000 settlement); *Aguilar v. Wawona*

26 *Frozen Foods* (E.D.Cal. May 18, 2017, No. 1:15-cv-00093-DAD-EPG) 2017 U.S.Dist.LEXIS 76751,

27 (**.16%,** $7,500 for PAGA in a $4,500,000 settlement); *Rodriguez v. Danell Custom Harvesting,*

28 *LLC* (E.D.Cal. 2018) 327 F.R.D. 375 (**.6%,** $10,000 for PAGA in a $1,500,000 Settlement); and

*Hightower v. JPMorgan Chase Bank, N.A.* (C.D.Cal. Aug. 4, 2015, No. CV 11-1802 PSG (PLAx)) 2015 U.S.Dist.LEXIS 174314, (**.1%,** $18,750 for PAGA in a $12,000,000 settlement).

59.     The $50,000 PAGA allocation should be approved as it satisfies PAGA's objective of "deterring noncompliance" with the Labor Code. In this case, about one month of serving the PAGA Notice on Defendants and the LWDA, on August 21, 2011 Western Wine discontinued its use of the allegedly unlawful On Duty Meal Period Agreement, and ended its on-duty meal period policy, and within six months of filing the Plaintiff's complaint, on September 18, 2012 Express published and promulgated a facially compliant meal period policy and brought its wage statements into compliance.

60.     On the same date the instant motion is filed with the Court, it will be served upon Defendants and provided to the Labor and Workforce Development Agency ("LWDA") electronically through the LWDA's website, https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html, using the appropriate intake form.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 9, 2021 in San Diego, California.

s/ Isam C. Khoury
Isam C. Khoury

### ECF SIGNATURE CERTIFICATION

I certify that I obtained permission to sign on behalf of the above person(s) who authorized the filing of this instrument.

Dated: April 9, 2021

s/ Diana M. Khoury
Diana M. Khoury
Attorney for Plaintiff
MICHAEL H. STODDART

# EXHIBIT 1

| **From:** | FormAssembly on behalf of DIR PAGA Unit |
| **To:** | Matthew Atlas |
| **Subject:** | [Ext] Thank you for your Proposed Settlement Submission |
| **Date:** | Thursday, December 19, 2019 4:12:52 PM |

12/19/2019 04:12:37 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Proposed Settlement
If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: https://urldefense.proofpoint.com/v2/url?u=http-3A__labor.ca.gov_Private-5FAttorneys-5FGeneral-5FAct.htm&d=DwIFaQ&c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&r=CkmVEddukKLexsqU9o1LOYeca1vZAEC-MO6PZ1f0-Jc&m=VK1ktIO8Nrtu0srUfBLhYy7B3LZPPXLNpB1SKMaTYow&s=QE7c-t_EK9w3HnuCy-mjPQlnyv-FISzAROsgXGXEa9o&e=

Exhibit 1 Page 17

1  **GRAHAMHOLLIS APC**
Graham S.P. Hollis (SBN 120577)
2    ghollis@grahamhollis.com
3  3555 Fifth Avenue
San Diego, CA  92103
4  Telephone: (619) 692-0800 / Facsimile: (619) 692-0822

5  **COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
6    ikhoury@ckslaw.com
7  Michael D. Singer (SBN 115301)
    msinger@ckslaw.com
8  Diana M. Khoury (SBN 128643)
    dkhoury@ckslaw.com
9  605 C Street, Suite 200
San Diego, CA 92101
10  Telephone: (619) 595-3001 / Facsimile: (619) 595-3000

11
Attorneys for Plaintiff Michael Stoddart
12  and the Conditionally Certified Class

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

15  MICHAEL H. STODDART individually and on        Case No.:   2:12-cv-01054-KJM-CKD
behalf of similarly situated and similarly
16  aggrieved current and former employees of        **CLASS ACTION**
EXPRESS SERVICES, INC. d/b/a EXPRESS
17  EMPLOYMENT PROFESSIONALS,            **DECLARATION OF SERVICE UPON**
PHILLIPS & ASSOCIATES, INC. d/b/a     **INTERESTED PARTIES AND THE LWDA RE:**
18  EXPRESS EMPLOYMENT
PROFESSIONALS, WESTERN WINE          **MOTION FOR ORDER GRANTING AWARD**
19  SERVICES, INC., and Does 1 through 100,    **OF ATTORNEYS' FEES, LITIGATION**
inclusive,                        **COSTS, AND PLAINTIFF'S SERVICE**
20                                    **PAYMENT**
           Plaintiff,
21                                    Date:          May 7, 2021
        v.                           Time:          10:00 a.m.
22                                    Courtroom:     3 (15th Floor)
EXPRESS SERVICES, INC. d/b/a EXPRESS    Judge:         Hon. Kimberly J. Mueller
23  EMPLOYMENT PROFESSIONALS,
PHILLIPS & ASSOCIATES, INC. d/b/a
24  EXPRESS EMPLOYMENT               Action Filed:    March 13, 2012
PROFESSIONALS, WESTERN WINE          Case Removed:    April 20, 2012
25  SERVICES, INC., and Does 1 through 100,    Trial Date:      None set
inclusive,
26
           Defendants.
27

28

---

Declaration of Service Re Motion for Order Granting Award of Attorneys' Fees,
Litigation Costs and Plaintiff's Service Payment – Case No. 2:12-CV-01054-KJM-CKD

Exhibit 1 Page 18

1        I, Matthew Atlas, declare as follows:

2        I am employed in the County of San Diego, State of California. I am over the age of 18 and not a

3   party to this action. My business address is 605 "C" Street, Suite 200, San Diego, CA 92101. On February

4   8, 2021, I instituted service of the forgoing document(s):

5   **[1]**     **NOTICE OF MOTION AND MOTION FOR ORDER GRANTING AWARD OF
6            ATTORNEYS' FEES, LITIGATION COSTS, AND PLAINTIFF'S SERVICE PAYMENT**

7   **[2]**     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
         ORDER GRANTING AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND
8            PLAINTIFF'S SERVICE PAYMENT**

9   **[3]**     **DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR ORDER
10           GRANTING AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND
11           PLAINTIFF'S SERVICE PAYMENT**

12  **[4]**     **DECLARATION OF GRAHAM S.P. HOLLIS IN SUPPORT OF MOTION FOR ORDER
         GRANTING AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, PLAINTIFF'S
13           SERVICE PAYMENT**

14  **[5]**     **DECLARATION OF CHRIS PIKUS FOR RUST CONSULTING, INC.**

15  **[6]**     **[PROPOSED] ORDER GRANTING AWARD OF ATTORNEYS' FEES, LITIGATION
16           COSTS, AND PLAINTIFF'S SERVICE PAYMENT**

17  on the following parties:

18                **SEE ATTACHED SERVICE LIST**

19  in the following manner (as indicated below):

20       Submitting an electronic version of the document(s) via portable document format (PDF) to the

21  court at https://ecf.caed.uscourts.gov.

22       Service will be deemed effective as provided for by Rule 135 of the District Court of California,

23  Eastern District.

24  ///

25  ///

26  ///

27  ///

28  ///

- 1 -
Declaration of Service Re Motion for Order Granting Award of Attorneys' Fees,
Litigation Costs and Plaintiff's Service Payment – Case No. 2:12-CV-01054-KJM-CKD

Exhibit 1 Page 19

**SERVICE UPON LABOR AND WORKFORCE DEVELOPMENT AGENCY ("LWDA")**

On February 8, 2021, I provided the foregoing document(s) described above to the Labor and Workforce Development Agency (LWDA) by transmitting such document(s) electronically through the LWDA's   website,   https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html, using the appropriate intake form. Attached as Exhibit 1 is a true and correct copy of the LWDA confirmation of receipt.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service is made.

Executed February 8, 2021, at San Diego, California.

_____
Matthew Atlas

- 2 -
Declaration of Service Re Motion for Order Granting Award of Attorneys' Fees,
Litigation Costs and Plaintiff's Service Payment – Case No. 2:12-CV-01054-KJM-CKD

Exhibit 1 Page 20

**SERVICE LIST**
*Stoddart v. Express Services, Inc., et al.*
**U.S.D.C. Case No. 12-CV-01054 KJM (CKD)**

| | |
|---|---|
| Richard J. Simmons, Esq.<br>Jason W. Kearnaghan, Esq.<br>Nora K. Stiles, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>333 South Hope Street<br>Forty-Third Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 620-1780<br>rsimmons@sheppardmullin.com<br>jkearnaghan@sheppardmullin.com<br>NStiles@sheppardmullin.com | Counsel for Defendants Express<br>Services, Inc. d/b/a Express<br>Employment Professionals and Phillips<br>& Associates, Inc. d/b/a Express<br>Employment Professionals |
| Morgan P. Forsey, Esq.<br>SHEPPARD MULLIN RICHTER<br>& HAMPTON LLP<br>Four Embarcadero Center 17th Floor<br>San Francisco, CA 94111<br>Telephone; (415) 434-9100<br>mforsey@sheppardmullin.com | Counsel for Defendants Express<br>Services, Inc. d/b/a Express<br>Employment Professionals and Phillips<br>& Associates, Inc. d/b/a Express<br>Employment Professionals |
| Janet L. Grumer, Esq.<br>Aaron N. Colby, Esq.<br>Jacob Daniels, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>Telephone: (213) 633-6800<br>janetgrumer@dwt.com<br>aaroncolby@dwt.com<br>jacobdaniels@dwt.com | Counsel for Defendants Express<br>Services, Inc. d/b/a Express<br>Employment Professionals and Phillips<br>& Associates, Inc. d/b/a Express<br>Employment Professionals |
| Elizabeth Scott Wood, Esq.<br>McAFEE & TAFT, a Professional Corp.<br>211 N. Robinson<br>2 Leadership Square, 10th Floor<br>Oklahoma City, OK 73102<br>Telephone: (405) 235-9621<br>elizabeth.wood@mcafeetaft.com | Counsel for Defendants Express<br>Services, Inc. d/b/a Express<br>Employment Professionals and Phillips<br>& Associates, Inc. d/b/a Express<br>Employment Professionals |

Exhibit 1 Page 21

**SERVICE LIST**
*Stoddart v. Express Services, Inc., et al.*
**U.S.D.C. Case No. 12-CV-01054 KJM (CKD)**

Fraser A. McAlpine, Esq.                    Counsel for Defendant Western Wine
JACKSON LEWIS P.C.                          Services, Inc.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
fraser.mcalpine@jacksonlewis.com

Scott C. Lacunza, Esq.                      Counsel for Defendant Western Wine
JACKSON LEWIS P.C.                          Services, Inc.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
lacunzas@jacksonlewis.com

Graham S.P. Hollis, Esq.                    Co-counsel for Plaintiff Michael
GRAHAMHOLLIS A.P.C.                         Stoddart
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
Telephone: (619) 692-0800
ghollis@grahamhollis.com

Exhibit 1 Page 22

# EXHIBIT 1

Exhibit 1 Page 23

| | |
|---|---|
| **From:** | FormAssembly on behalf of DIR PAGA Unit |
| **To:** | Matthew Atlas |
| **Subject:** | [External] Thank you for your Proposed Settlement Submission |
| **Date:** | Monday, February 8, 2021 3:41:29 PM |

---

02/08/2021 03:41:04 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Proposed Settlement
If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: https://urldefense.proofpoint.com/v2/url?u=http-3A__labor.ca.gov_Private-5FAttorneys-5FGeneral-5FAct.htm&d=DwIFaQ&c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&r=CkmVEddukKLexsqU9o1LOYeca1vZAEC-MO6PZ1f0-Jc&m=KmuKKiYBGj9TXqYnz_9xoUJ1EaiW_qYpvg5o3MaUhb0&s=3h8Zax5q3HvKhFeVfR3bdlJk7odHBfkgoCMytzIYrQg&e=

Exhibit 1 Page 24